IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DR. JOHN ROE, PH.D. | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No.: 5:22-CV-00869-JKP-HJB |
| UNITED STATES OF AMERICA, et. al., | ) ) ) |
| Defendant(s) | ) ) |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

Plaintiff and Defendants jointly submit the following report under Federal Rule of Civil Procedure 26(f).

1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

**Plaintiff states as follows:**

Claim I – Injunctive Relief
1. A substantial likelihood of success on the merits of the underlying claim;
2. That the party will suffer irreparable injury if the injunction is not granted;
3. That the threatened injury to the party outweighs any harm that the opposing party will suffer if the injunction is granted; and
4. That granting the injunction will not disserve the public interest.

Claim II – Violation of Clearly Established Rights – De Facto Debarment
1. that the official violated a statutory or constitutional right, and
2. that the right was clearly established at the time of the challenged conduct.
3. De Facto Debarment:
    a. An agency's statement that it will not award further contracts.

    b. An agency's conduct that it will not award further contracts. *See IFONE NEDA Internet Serv., Inc. v. Army & Air Force Exch. Serv.,* CIVIL ACTION No. 4:21-CV-330 (S.D. Tex. Mar. 25, 2021) ("In other words, '*de facto* debarment may lie where there has been exclusion from virtually all government work for a fixed period of time, . . . or where the government's conduct has the broad effect of largely precluding plaintiffs from pursuing government work.'")

Claim 3 – FTCA Abuse of Process

1. that the defendant made an illegal, improper, perverted use of the process;
2. that the defendant had an ulterior motive or purpose in exercising such illegal, perverted, or improper use of process; and
3. that damage resulted to the plaintiff from the irregularity. *See Patty v. United States*, CIVIL ACTION No. H-13-3173 (S.D. Tex. Apr. 27, 2015).

Claim 4 – FTCA Conspiracy to Abuse OSI Investigation Process

1. two or more persons;
2. an object to be accomplished (to wit, the FTCA Abuse of Process described above);
3. a meeting of the minds on the object or course of action;
4. one or more unlawful, overt acts; and
5. damages as a proximate result. *Wackman v. Rubsamen*, 602 F.3d 391, 408 (5th Cir. 2010).

Claim 5 – FTCA Intentional Infliction of Emotional Distress

1. that the defendant acted intentionally or recklessly;
2. the defendant's conduct was extreme and outrageous;
3. the defendant's actions caused the plaintiff emotional distress; and
4. the emotional distress suffered by the plaintiff was severe. *Grost v. United States*, 648 F. App'x 459, 461 (5th Cir. 2016).

5. The FTCA bars intentional infliction of emotional distress claim only to the extent it arises out of conduct that would establish an excepted cause of action like libel or slander. *Truman v. United States*, 26 F.3d 592, 594-95 (5th Cir. 1994).

Claim 6 – Civil Rights Violation – Liberty Interests

1. the deprivation of a right secured by the Constitution or laws of the United States;
2. the deprivation was imposed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of § 1983 action); *Evans*, 168 F.3d at 863 n. 10 (noting §1983 and *Bivens* are the same in their elements).

Claim 7 – Civil Rights Violation – Property Deprivation

1. state action;
2. a deprivation of a constitutionally-protected liberty or property interest; and
3. constitutionally inadequate process. *Coleman v. United States*, A-14-CV-1015-LY, at *10 (W.D. Tex. Apr. 13, 2015).

Claim 8 – Civil Conspiracy for Civil Rights Deprivations

1. there was an agreement among individuals to commit a deprivation;
2. that an actual deprivation occurred. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).

Claim 9 – Civil Rights Violation – First Amendment Retaliation

A Bivens claim of retaliation for the exercise of free speech requires proof of three elements:

1. the plaintiff was engaged in constitutionally protected activity;
2. the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity;
3. the defendant's adverse actions were substantially motivated against the plaintiff's exercise of the constitutionally protected conduct. *Coleman v. United States*, A-14-CV-1015-LY (W.D. Tex. Apr. 13, 2015).

Coleman v. United States, A-14-CV-1015-LY, at *10 (W.D. Tex. Apr. 13, 2015)

**Defendants state as follows:**

      Defendants have filed a motion to dismiss under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 19. The dismissal motion raises several substantive and procedural defenses to the plaintiff's claims. Those defenses, which are fully dispositive of plaintiff's claims, include:

1) Settled Supreme Court precedent forecloses plaintiff's *Bivens* claims against defendants for the alleged violation of his constitutional due process rights, *see* Motion to Dismiss at 6-12;

2) Plaintiff's damages claims are barred by qualified immunity, *see id.* at 12-17;

3) Count I of plaintiff's Complaint (which seeks a judicial order compelling the Government to restore his participation in classified programs) must be dismissed it presents a nonjusticiable political question over which the Court lacks jurisdiction, *see id.* at 18-21; and

4) The doctrine of sovereign immunity bars plaintiff's damages claims against the United States under the Federal Tort Claims Act, *see id.* at 21-25.

5) Plaintiff's Federal Tort Claims Act claims (Counts 3, 4, and 5) in any event fail to state a claim on which relief may be granted, *see id*.

2.    Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction: do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy. If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?

      **Defendants' pending dismissal motion, Dkt. No. 19, asserts the court's lack of subject matter jurisdiction over plaintiff's FTCA claims, as well as plaintiff's claim in Count I for an order restoring his access to classified programs. There are no additional jurisdictional issues, and diversity of citizenship is not at issue in this case.**

3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

**There are no unserved parties.**

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

**None at this time.**

5. Are there any legal issues in the case that can be narrowed by agreement or by motion?

**The parties have narrowed issues related to this matter being filed under seal and Plaintiff proceeding under a pseudonym.**

**Plaintiff further states as follows:**

Plaintiff and counsel have requested from the Government the ability to access classified information (e.g, seeking to discuss with Plaintiff that which Plaintiff already knows within his own mind that may be classified and what Plaintiff affirms may be necessary to amend the Complaint) and appropriate systems as well as locations for those discussions. Plaintiff awaits the response to the request for classified information access. Plaintiff believes that appropriate classified information access and rules are necessary to even allow proper amendment should the Defendants' position on discovery prevail. Plaintiff asserts that precedent exists in civil cases to allow for discovery of classified information by agreement and consistent with the Classified Information Procedures Act, 18a U.S.C. § 46 *et. seq*. Plaintiff anticipates that these issues will require litigation and court intervention.

6. Are there any issues about preservation of discoverable information?

    **No issues.**

7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?

**Plaintiff states as follows:**

    The Plaintiff believes that discovery is necessary for the Court to properly rule on the Defendants' dispositive motion. Plaintiff further asserts that this case possesses distinguishable fact and application of the law distinct from Defendants' analysis below that will require appropriate litigation before this Court. Plaintiff further asserts such substantive litigation is outside the scope of this instant Report.

**Defendants state as follows:**

    The pending Motion to Dismiss, Dkt. No. 19, raises pure issues of law for which no discovery is necessary or appropriate under the settled law of the United States Supreme Court and the Fifth Circuit as well as other circuits. For example, *see*:

- *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until th[e] threshold immunity question is resolved, discovery should not be allowed.").

- *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.").

- *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022) ("Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion. It may not permit discovery against the immunity-asserting defendants before it rules on their defense. It is precisely the point of qualified immunity ... to protect public officials from

expensive, intrusive discovery until and unless the requisite showing overcoming immunity is made.") (cleaned up).

- *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022) ("[S]overeign immunity is an immunity from suit (including discovery), not just liability. Where sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery. They don't pass go.") (cleaned up).

- *Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017) (vacating district court's order that instructed the parties to confer and develop a proposed discovery plan pursuant to Rule 26(f) because "immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted").

- *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true.") (citation and footnote omitted).

- *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir.1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

The pure issues of law raised by the Defendants' Motion include: (1) the unavailability of a *Bivens* remedy for the alleged First and Fifth Amendment violations; (2) the Defendants' entitlement to qualified immunity as a matter of law; (3) the absence of subject matter jurisdiction for the claims asserted against the United States under the Federal Tort Claims Act

("FTCA") and (5) the complaint's failure to state a claim on which relief can be granted under the FTCA. By contrast, there are no factual issues contested in the Motion to Dismiss. In other words, even assuming the truth of all allegations in Dr. Roe's complaint, Defendants are entitled to dismissal as a matter of law because of the legal grounds identified above. As the foregoing Supreme Court and Fifth Circuit authorities demonstrate, a plaintiff is not entitled to fact discovery in order to revive a complaint that fails, on its face, to plausibly allege a claim within the Court's subject matter jurisdiction or for which the defendants do not enjoy immunity.

8. What are the subjects on which discovery may be needed?

**Plaintiff states as follows:**

Plaintiff objects to Defendants' position on postponing discovery until the Court resolves the pending motion to dismiss and will seek to compel discovery of emails and other similar ESI which relates to the decision of the U.S. Air Force to debar the Plaintiff from installations and also to prohibit further business transactions with the Plaintiff and would best respond to the Defendants' Motion to Dismiss. However, before this issues is ripe, Plaintiff must first receive a substantive answer to his request to discuss relevant classified knowledge with counsel for the purposes of amending the Complaint. Plaintiff further objects to Defendants' position that such discussions with Plaintiff constitutes "discovery" of the matter. Plaintiff asserts that Defendants' position on this matter is novel and unsupported in any of the cited law and is a distinct issue in need of full briefing before the Court should the pending request before Classification Authorities be denied.

**Defendants state as follows:**

As discussed above, well-settled Supreme Court and Fifth Circuit precedent holds that fact discovery may not be permitted until the Court first resolves the threshold motion asserting

immunity from suit, lack of subject matter jurisdiction and failure to state a claim on which relief may be granted.

9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

**Plaintiff states as follows:**

The Plaintiff anticipated providing initial disclosures by March 12, 2023, however, that action is held in abeyance given Defendants' position that all discovery is halted upon filing of their Motion to Dismiss. Additionally, such disclosures reasonably anticipate the disclosure of classified information, for which Plaintiff's counsel is awaiting an answer by the Classification Authorities as to whether they can access this information and provide it to the court. Additionally, Plaintiff anticipates litigating the global ceasing of discovery substantively before the Court but does not consider that fully ripe until response has been received regarding access to classified information.

**Defendants state as follows:**

As discussed above, well-settled Supreme Court and Fifth Circuit precedent holds that fact discovery may not be permitted until the Court first resolves the threshold motion asserting immunity from suit and lack of subject matter jurisdiction. Under these circumstances, initial disclosures should not be made until after resolution of the pending motion to dismiss. *See Howe v. City of Enterprise*, 861 F.3d at 1302. *See also Medhekar v. U.S. Dist. Court for the N. Dist. of California*, 99 F.3d 325, 328 (9th Cir. 1996) (concluding that initial disclosures are a subset of discovery and explaining that the time and expense required by initial disclosures create burdens similar to those created by other types of discovery); *see generally Siegert v. Gilley*, 500 U.S. 226, 232 (1990) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not

only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.").

10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

**Plaintiff states as follows:**

No discovery has been completed. The Defendants' position is that because a motion to dismiss has been filed pursuant to Fed. R. Civ. P. 12, and because the Defendants are immune from suit, no discovery is proper.

The Plaintiff believes that discovery is necessary and appropriate in limited form for the Court to properly rule on the Defendants' dispositive motion, and therefore, Plaintiff believes that discovery must be completed in phases. The Plaintiff further asserts the issues discussed *supra* regarding access to Plaintiff's mind and classification access.

**Defendants state as follows:**

As discussed above, well-settled Supreme Court and Fifth Circuit precedent holds that fact discovery may not be permitted until the Court first resolves the threshold motion asserting immunity from suit and lack of subject matter jurisdiction. Discovery is unnecessary and inappropriate where, as here, a motion to dismiss is directed at the face of the complaint.

11. What, if any, discovery disputes exist?

**Defendants contend that well-settled Supreme Court and Fifth Circuit precedent hold that fact discovery may not be permitted until the Court first resolves the threshold motion asserting immunity from suit and lack of subject matter jurisdiction.**

**Plaintiff objects to Defendants' position that fact discovery should await the Court's resolution of the dismissal motion. Plaintiff seeks full briefing on this issue and its application in a highly distinguishable case.**

**Plaintiff further objects to Defendants' position that the Classified contents of Plaintiff's mind constitutes "discovery" and is barred from use in amending the Complaint.**

12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

**If this matter proceeds to fact discovery, the Parties have agreed to submit an agreed order pursuant to F. R. Evid. 502.**

Respectfully submitted,

**HENDLEY & HODGES LAW PLLC**
29710 US Hwy 281 North, Ste. 300
Bulverde, Texas 78163
Tel:   (210) 714-0924
Fax:   (210) 640-3398

By: _____/s/ *John W. Hodges, Jr.*_____
John W. Hodges Jr.
TX Bar No. 24090167
Email: john@hhtx.law

**THE LAW CENTER P.C.**
300 Plaza Drive, Ste. 200
Bulverde, Texas 78163
Tel:   (303) 991-5200

By: _____/s/ *Jason R. Wareham*_____
Jason R. Wareham
CO. State Bar No. 5697
*Pro Hac Vice* Pending
Litigation@thelawcenterpc.com

**ATTORNEYS FOR PLAINTIFF**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney

C. SALVATORE D'ALESSIO, JR.
Director, Torts Branch

RICHARD MONTAGUE
Senior Trial Counsel, Torts Branch

*/s/ Reginald M. Skinner*
REGINALD M. SKINNER
Senior Trial Attorney
Virginia State Bar. No. 48785
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-3111
Fax: (202) 616-4314
Email: reginald.m.skinner@usdoj.gov

*Counsel for Defendants*

JAIME ESPARZA
United States Attorney

ROBERT D. GREEN
Assistant United States Attorney
Texas Bar No. 24087626
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
Tel: (210) 384-7362
Fax: (210) 384-7312
Email: robert.green3@usdoj.gov

*Counsel for Defendants*