IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DR. JOHN ROE, PH.D. | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 5:22-CV-00869-JKP-HJB |
| UNITED STATES OF AMERICA, et. al., | ) |
| Defendant(s) | ) |

**DECLARATION OF PLAINTIFF IN SUPPORT OF PLAINTIFF'S MOTIONS TO COMPEL ACCESS TO CLASSIFIED INFORMATION**

Declarant, Dr. John Roe, Ph.D., Plaintiff, attests to the following facts in support of Plaintiff's Motion to Compel Access to Classified Information.

1. I am over 18 and of sound mind in the creation of this declaration.

2. I formerly worked as a contractor for Sixteenth Air Force ("Air Forces Cyber" or "AFCyber"), a new information warfare major subordinate command headquartered in San Antonio, Texas.

3. I consulted on a part-time basis on an application of his algorithm development in a new classified application unconnected to his NSA work as a subcontractor to a commercial firm ("GiTi" or "Prime Contractor") contracted to provide implementation of applied mathematics for cyber-physical systems.

4. I was specifically assigned to The Air Force Life Cycle Management Center ("AFLCMC"), a "think tank" charged with development and implementation of cutting-edge weapons systems for the U.S. Air Force.

5. The AFLCMC develops cutting-edge offensive cyber weapons in addition to traditional weapons.

6. During that time, I possessed a TS//SCI clearance and worked on code word based Special Access Programs.

7. I have possessed a TS//SCI clearance for 8 years and a Secret clearance for 18 years as I have served and deployed within the Intelligence Community for over a decade.

8. I continue to maintain that level of clearance to present day within my private contracting role.

9. I have reviewed the Complaint and Defendants' Motion to Dismiss that Complaint.

10. I possess knowledge in my own mind that I believe is relevant and material – even central and dispositive – to amending the Complaint and/or responding to the Defendants' Motion to Dismiss.

11. However, given that I was "read out" of the code word classified programs, and my attorneys, despite likely being eligible for access (or able to become eligible), I was unable to include them in the Original Complaint or even discuss them with my counsel.

12. I am still unable to even discuss the classified contents of my mind that I believe are necessary to amend the Complaint presently.

13. The Defendants have complete access and control over this information and this restriction is actively prejudicing my ability to fairly raise my claims and respond to their Motion to Dismiss.

14. Given my active security clearance, all that would be required is that I be read back on to the program and provided a Secured Classified Information Facility (SCIF) to meet with and discuss this necessary fact with my counsel.

15. Given both my and my counsel's service and classified management histories, I do not see how allowing this access and discussion would endanger the national security.

16. Without this ability to discuss the facts already known, I don't believe I may adequately and fairly litigate my claims.

**I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 28, 2023.**

*Dr. John Roe, Ph.D.*
Dr. John Roe, Ph.D. (Apr 28, 2023 14:16 CDT)

Dr. John Roe, Ph.D.