| | |
|---|---|
| **From:** | Jason R. Wareham |
| **To:** | Skinner, Reginald M. (CIV) |
| **Cc:** | Natalie Lamy; John Hodges (john@hhtx.law) |
| **Subject:** | Classified Information in Civil Cases |
| **Date:** | Monday, November 28, 2022 4:34:00 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |

Reggie,

Following up on our CIPA discussion. I agree that CIPA itself applies to Criminal cases. However, I find nothing in CIPA that prohibits the "CIPA-like" procedures in a civil matter. To the contrary, I have found a DOJ regulation that basically applies the CIPA-like procedures to civil cases. Also, I have found a number of cases approving of this approach in civil cases. An excerpt from a good examination of the topic from Judge Lamberth in the USDC for DC is below.

28 CFR § 17.17 - Judicial proceedings. | Electronic Code of Federal Regulations (e-CFR) | US Law | LII / Legal Information Institute (cornell.edu)

"The Court understands that the implementation of **CIPA**-like procedures in a **civil** case is unusual. However, the Court of Appeals foresaw the problems that could arise in this case, and therefore conspicuously stated in [**23] 2007 that "nothing in this opinion forecloses a determination by the district court that some of the protective measures in **CIPA**, 18 U.S.C. app. III, which applies in criminal cases, would be appropriate, as Horn urges, so that this case could proceed." **11** *In re Sealed Case*, 494 F.3d at 154. **12** Indeed, the Court believes that the **CIPA**-like procedures and the associated rulings are the best way to prevent unauthorized disclosures of **classified** information and allow Horn to pursue his claim using non-**classified** materials."

Horn v. Huddle, 636 F. Supp. 2d 10, 19 (D.D.C. 2009)

See Also,

"**CIPA** only applies to criminal cases, but courts and the government follow similar procedures in **civil cases**. Robert Timothy Reagan, Keeping Government Secrets: A Pocket Guide on the State-Secrets Privilege, the **Classified** Information Procedures Act, and **Classified** Information Security Officers 9 (2d ed. 2013); see 28 C.F.R. § 17.17(c)."

Halliwell v. A-T Sols., No. 13-CV-2014-H (KSC), 2014 U.S. Dist. LEXIS 126919, at *15 (S.D. Cal. Sep. 10, 2014)

"The government correctly points out that, by statute, **CIPA** applies only in criminal cases. *See, e.g.*, 18 U.S.C. app. 3, §§ 3, 5; *Sedaghaty*, 728 F.3d at 903. Nevertheless, we have looked to **CIPA** for guidance on handling **classified** materials in **civil cases**. *See Latif II*, 686 F.3d at 1130; *Al Haramain II*, 686 F.3d at 983. Where **CIPA**-like procedures are appropriate, courts should not hesitate to

employ them.**15"**

[Faisal Nabin Kashem v. Barr, 941 F.3d 358, 390 (9th Cir. 2019)](#)

I suggest we set a meeting after you satisfy your own research where we enter into a proposed approach to classified information in this case. Moreover, I found some discussion involving counsel with clearances themselves being able to review classified material. In fact, subsection (d) of the cited regulation seems to envision this as well. I believe that I still carry a TS/SCI eligibility and I believe John Hodges either still carries one or has in the past. If you agree with my analysis, then as an initial matter, if classified discovery is involved, we would request that we be appropriately read-in for the limited purposes of this case to review that discovery. Also, I think it prudent that we enter into a stipulated process (if we can) on the employment, use, and production of classified information, if necessary. We could then file that proposed stipulation with the Court for approval.

Best,

Jason

**\*\*Please keep my law clerk, Natalie Lamy, c/c'd on all emails to ensure prompt action:**
[nlamy@thelawcenterpc.com](mailto:nlamy@thelawcenterpc.com)

# Jason Wareham
## Managing Attorney





|   |   |
|---|---|
| **t:** | (303) 991-5255 |
| **m:** | (720) 819-6483 (After Hours) |
| **e:** | [jrwareham@thelawcenterpc.com](mailto:jrwareham@thelawcenterpc.com) |
| **a:** | The Law Center, P.C., 300 Plaza Dr, Suite 200 |
|   | [**thelawcenterpc.com**](http://thelawcenterpc.com) |



This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is PRIVILEGED, CONFIDENTIAL and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, at (866) 927-3426 and return the original to us by mail without making a copy. Thank you.