UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DR. JOHN ROE,<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>   Defendants. | Civil Action No. 5:22-CV-00869-JKP-HJB |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ACCESS TO THE CLASSIFIED INFORMATION IN PLAINTIFF'S MIND**

Defendants respectfully submit this response in opposition to the plaintiff's "Motion to Compel Access to the Classified Information in Plaintiff's Mind," Dkt. No. 30.

**I.      THE COURT SHOULD DENY THE MOTION TO COMPEL.**

For nearly four months, the defendants' dismissal motion has been pending before this Court with no response from the plaintiff. *See* Dkt. No. 19. The dismissal motion raises several threshold legal defenses that are potentially dispositive of the plaintiff's suit. Those defenses include:

1. More than 40 years of settled Supreme Court precedent forecloses plaintiff's attempt to assert any *Bivens* claim for the alleged violation of his First or Fifth Amendment rights, *see* Motion to Dismiss at 6-12;

2. In the alternative, the plaintiff's due process claims are barred by the doctrine of qualified immunity, *see id.* at 12-17;

3. Plaintiff's request for an order compelling an Executive Branch agency to restore his participation in classified programs presents a nonjusticiable political question over which this Court lacks jurisdiction, *see id.* at 18-21;

4. The United States retains sovereign immunity from all claims arising out of interference with contract rights, thus barring all claims arising from the plaintiff's theory that the defendants "functionally debarred" him from government contracting, *see id.* at 21-25;

5. Under Texas law, the plaintiff fails to allege the essential elements of a claim for abuse of process or intentional infliction of emotional distress, *see id.* at 23-25; and

6. As a matter of law, the plaintiff's claim for civil conspiracy (a derivative tort) necessarily fails because the complaint fails to allege any other valid claim for relief, *see id.* at 4.

The motion to dismiss raises pure questions of law. In other words, even assuming the truth of all facts alleged in the plaintiff's complaint, the defendants are entitled to dismissal as a matter of law because of the threshold legal defenses identified above. For instance, whether *Bivens* should be extended to reach the novel claims presented in this case is a pure question of law that is potentially dispositive of the plaintiff's First and Fifth Amendment claims. Similarly, whether the Court has the power to compel the Executive Branch to grant access to classified government programs is a purely legal question that is potentially dispositive of the plaintiff's claims for equitable relief. And whether the United States retains sovereign immunity on the plaintiff's FTCA claims and whether plaintiff alleged viable abuse of process and intentional infliction of emotional distress claims are pure questions of law that are potentially dispositive of the damages claims against the government.

Instead of responding to the motion to dismiss as most litigants would—*i.e.*, with (1) an opposition brief that explains why the defendants are wrong on the law, or (2) an amended complaint that cures the pleading and legal deficiencies identified in the dismissal motion—the plaintiff has filed a request for rather extraordinary relief. The plaintiff's "Motion to Compel Access to the Classified Information in Plaintiff's Mind," Dkt. No. 30, requests an order from this Court that, among other things,

1. compels two Executive Branch agencies (the National Security Agency and the United States Department of the Air Force) to grant security clearances to plaintiff's counsel so they can "access the classified contents of Plaintiff's mind" and "any classified discovery" and use this classified information to respond to the defendants' motion to dismiss, *see* Motion to Compel, Dkt. No. 30 at 1; and

2. compels the government to provide the plaintiff and his attorneys a Secure Compartmentalized Information Facility "reasonably near Plaintiff's residence" so that they can "discuss relevant and necessary classified fact [*sic*] and draft classified supplements or responses" to the dismissal motion. *Id.* at 1-2.

The plaintiff's motion to compel should be denied for three reasons. First, well-settled authority holds that an order requiring the Executive to grant security clearances to plaintiff's counsel or provide access to classified information would exceed the Judiciary's constitutional authority and encroach on the core functions of the Executive Branch, thereby violating the separation of powers. *See Dep't of the Navy v. Egan*, 484 U.S. 518, 527 (1988) (authority to determine who may have access to classified information "is committed by law to the appropriate agency of the Executive Branch," which enjoys exclusive responsibility for the protection and control of national security information); *CIA v. Sims*, 471 U.S. 159, 180 (1985) ("[I]t is the responsibility of [the Executive], not that of the judiciary, to weigh the variety of complex and subtle factors in determining whether [to disclose sensitive information]."); *Dorfmont v. Brown*, 913 F.2d 1399, 1401 (9th Cir. 1990) ("The decision to grant or revoke a security clearance is committed to the discretion of the President by law."). The Court simply lacks the power to order the relief requested here.

Second, at this juncture, it is unnecessary to even consider the unusual relief sought in the plaintiff's motion to compel. Whether the plaintiff can bring a *Bivens* claim for his purported injuries has nothing to do with any classified information he claims to possess. If anything, plaintiff's motion to compel underscores why plaintiff's *Bivens* claims should be dismissed. *See*

*Egbert v. Boule*, 142 S. Ct. 1793, 1805 (2022) ("[W]e reaffirm that a *Bivens* cause of action may not lie where, as here, national security is at issue."); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1861 (2017) ("Judicial inquiry into the national-security realm raises concerns for the separation of powers.") (cleaned up). Whether the Court has jurisdiction to compel the Executive Branch to restore access to classified programs does not turn on the substance of any classified information. And whether the United States retains sovereign immunity against claims alleging interference with contractual rights does not turn on the classified contents of the plaintiff's mind or any classified discovery. The same is true for why plaintiff's FTCA allegations fail to state a claim on which relief can be granted. Regardless of what classified information plaintiff knows and wants to tell his attorneys, as a matter of law an internal agency investigation such as the one he says he was subjected to here is not "legal process" supporting an abuse of process claim under Texas law. *See* Dkt. No. 19 at p.30. Nor does such an investigation amount to the extreme and outrageous conduct needed for an intentional infliction of emotional distress claim, *see id*. at 31.

The need for plaintiff to divulge (over the NSA's and the Air Force's objections) classified information to his attorneys arises *only* if the complaint survives the threshold legal defenses discussed above. The Court should first decide what, if any, aspect of the complaint survives dismissal before it considers the extraordinary relief sought here. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins."). Plaintiff's counsel say that "accessing the classified contents of Plaintiff's mind" is not discovery. But the principle discussed in *Chudasama* and other cases applies regardless of whether the facts come from the plaintiff's mind or some other source: courts should resolve threshold challenges to the legal sufficiency of

4

a claim as early as possible and before permitting the burdensome process of litigation to go forward. *Id.* at 1367-68; *see also Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."). Those concerns take on special resonance in suits against the government and its officers. *Cf. Siegert v. Gilley*, 500 U.S. 226, 232 (1990) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.").

Presumably, the plaintiff will counter by saying he can't respond effectively to the dismissal motion because he can't share classified information with his counsel. But the obvious problem with this argument is that the plaintiff *already filed this lawsuit* through a long and detailed complaint. By signing the complaint, plaintiff's counsel already certified "that to the best of [counsel's] knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances*," the complaint was well grounded when it was filed. Fed. R. Civ. P. 11(b) (emphasis added). It seems untenable that plaintiff's counsel now seeks a judicial order compelling access to classified information so that plaintiff can make a case. Further, the plaintiff's complaint shows that his grievances stem from the alleged tortious interference with his ability to contract with the government, not the substance of any classified program he consulted on. At best, the extraordinary relief requested in the plaintiff's motion to compel puts the cart before the horse. Plaintiff fails to adequately explain why the Court should issue an unprecedented *discovery* order that raises serious separation of powers concerns and unnecessarily risks the compromise of classified information before determining whether the

complaint is subject to dismissal on threshold legal grounds unrelated to any classified information.

Finally, as detailed in the parties' Rule 26(f) Report, *see* Dkt. 29 at 6-8, well-settled precedent holds that the Court should resolve the threshold jurisdictional and immunity questions first before permitting discovery. S*ee Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until th[e] threshold immunity question is resolved, discovery should not be allowed."); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022) ("Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion. It may not permit discovery against the immunity-asserting defendants before it rules on their defense. It is precisely the point of qualified immunity ... to protect public officials from expensive, intrusive discovery until and unless the requisite showing overcoming immunity is made.") (cleaned up); *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022) ("[S]overeign immunity is an immunity from suit (including discovery), not just liability. Where sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery. They don't pass go.") (cleaned up); *Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017) (vacating district court's order that instructed the parties to confer and develop a proposed discovery plan pursuant to Rule 26(f) because "immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted"); *Chudasama*, 123 F.3d at 1367 ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the

allegations contained in the pleading are presumed to be true.") (citation and footnote omitted); *Kaylor*, 661 F.2d at 1184 ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

## II.  PLAINTIFF'S AUTHORITIES ARE INAPPOSITE.

The plaintiff identifies no legal support for the relief sought in his motion to compel. First, his attempt to rely on Guantanamo-related case law is misguided. *See* Motion to Compel at 3 (citing *Al Odah v. United States*, 559 F.3d 539 (D.C. Cir. 2009)). The decision in *Al Odah* took place in the narrowly circumscribed field of habeas review pursuant to the Detainee Treatment Act, Pub. L. No. 109-148, 119 Stat. 2680 (2005). That statute imposes burdens on the government as custodian that are not present here. There is no parallel in this case to the substantive issues raised by the Guantanamo litigation—in which the government asserted authority to detain foreign nationals as enemy combatants and the need to protect against the disclosure of information to suspected terrorists—nor the practical issues concerning access to a secure military facility.

Similarly inapposite are cases involving administrative proceedings *initiated by the government* against terrorist organizations. *See* Motion to Compel at 3 (citing *Al Haramain Islamic Found. Inc. v. U.S. Dep't of Treasury*, 686 F.3d 965, 983 (9th Cir. 2012)). In *Al Haramain*, the Ninth Circuit considered a challenge to the government's designation of a nonprofit corporation as a terrorist organization. The designation was based on a record that relied on classified information filed by the government *ex parte* and *in camera*. *See* 686 F.3d at 985. Here, by contrast, the defendants have not and are not relying on any classified information in their dismissal motion. Indeed, the defendants' motion relies on nothing but the relevant law

and the complaint plaintiff himself filed. Nor is there any need for fact discovery or access to classified information to resolve the purely legal questions raised by the motion to dismiss.

Next, the plaintiff heavily relies on an out-of-circuit district court opinion that he concedes is no longer good law. *See* Motion to Compel at 4-5 (citing *Stillman v. Dep't of Def.*, 209 F. Supp. 2d 185 (D.D.C. 2002)). The D.C. Circuit subsequently reversed the decision in *Stillman*, holding that the district court abused its discretion in finding a First Amendment right for the plaintiffs' attorney to receive access to classified information to assist the court in resolving the plaintiff's challenge to a pre-publication classification review. *Stillman v. Central Intelligence Agency*, 319 F.3d 546, 548 (D.C. Cir. 2003).

Lastly, the plaintiff complains that the government failed to follow proper procedures for notifying him that the relevant Executive Branch agencies denied his counsel's request for access to classified information. *See* Motion to Compel at 3, 8-9. He cites Executive Order 12968, which on its face, establishes the requirements for access to classified information by *federal employees*, and thus has no application to his counsel's unique request to be granted security clearances. Executive Order 12968 "establishes a uniform *Federal personnel* security program for *employees* who will be considered for initial or continued access to classified information." *Id.* (emphasis added). Acting strictly in their capacity as counsel for a private litigant involved in a private dispute against the government, the plaintiff's counsel in this case are not properly considered federal "employees" within the meaning of Executive Order 12968, and thus the procedures set forth in that order have no application here.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the motion to compel and require the plaintiff to respond substantively to the threshold legal defenses raised in the motion to dismiss.

Dated: May 19, 2023                    Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney

C. SALVATORE D'ALESSIO, JR.
Director, Torts Branch

RICHARD MONTAGUE
Senior Trial Counsel, Torts Branch

*/s/ Reginald M. Skinner*
REGINALD M. SKINNER
Senior Trial Attorney
Virginia State Bar. No. 48785
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-3111
Fax: (202) 616-4314
Email: reginald.m.skinner@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on May 19, 2023, I filed the foregoing *Response in Opposition to the Plaintiff's Motion to Compel Access to the Classified Information in Plaintiff's Mind* and reasonably relied upon the same to be served on all counsel of record through the Court's CM/ECF system.

/s/ Reginald M. Skinner
REGINALD M. SKINNER
Senior Trial Attorney
Virginia State Bar. No. 48785
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-3111
Fax: (202) 616-4314
Email: reginald.m.skinner@usdoj.gov