## No IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

DR. JOHN ROE, PH.D.    )
           )
   **Plaintiff,**    )
           )
   vs.       )  **Case No.: 5:22-CV-00869-JKP**
           )
UNITED STATES OF AMERICA, et. al., )
           )
   **Defendant(s)**   )

---

## OBJECTION TO TEXT ORDER OF MAGISTRATE SUMMARILY DENYING PLAINTIFF'S MOTION TO COMPEL ACCESS TO THE CLASSIFIED INFORMATION IN PLAINTIFF'S MIND
## (HEARING REQUESTED)

Pursuant to Fed. R. Civ. P. R. 72, Dr. John Roe, Ph.D, the Plaintiff in this matter, objects to the text order of Magistrate Judge Henry J. Bemporad, entered and served on Plaintiff's counsel on May 22, 2023 ("Text Order"), summarily denying Plaintiff's Motion to Compel Access to the Classified Information in Plaintiff's Mind ("the Motion"). This objection is timely filed within 14-days of the service of the Text Order adopting in total the Government's Response in Opposition to Motion ("Response"). Plaintiff asserts that the standard of review (discussed *infra.*) applicable to this objection is *de novo* under Local Mag. Rule 4(b). In the event that this Court determines that this is an appeal of a non-dispositive matter, ti is requested that this Objection be treated as a written statement of appeal under Local Mag. Rule 4(a).

### Introduction

This is a first impression issue within the 5th Circuit. However, this does not facially invalidate or weaken Dr. Roe's rights to consult with his security clearance eligible counsel or fairly and fully raise his claims and responses before this Court. It is not Dr. Roe's burden that much of the facts supporting his claims occurred within the Government's classified environment.

Nor does a classified environment create a tort-free zone where Government actors may injure parties with impunity; running behind a shield of secrecy totally within their control. This creates an untenable strain on Dr. Roe's ability to fairly litigate the injuries and damages done by the Government.

## Relevant Procedural History

1. The Original Complaint in this matter was filed on August 10, 2022 and the summons issued on September 14, 2022.

2. To guard against any potential mosaic classification or spillage concerns, Dr. Roe filed the entire case under seal.

3. This total sealing resulted in no access to the electronic docket, no mail or fax notices of any docket entries or text orders, and all filings had to be conducted in person.

4. Following service, the Government entered its appearance on the matter on November 22, 2022 and immediately requested an extension of time to respond to the Original Complaint up and until January 13, 2023.

5. Dr. Roe consented to this extension and it was granted.

6. Counsel for Dr. Roe and the Government conferenced on or about December 15, 2022 orally via the phone as to the Government's intention to file a Motion to Dismiss and Dr. Roe's intention to amend the Original Complaint once pending requests regarding classified information (the subject of this Objection and underlying Motion) and consultation with his client had been answered by the Government Classification Authorities.

7. In total candor to the Court, neither Dr. Roe's counsel nor the Government counsel were apparently on notice of this Court's Standing Order issued by text order on August 15, 2022

due to the completely sealed nature of the case at that time and the lack of text or entries being communicated through mail or other means.

8.  Thusly, the Government, while verbally conferencing, did not "include written (email or certified mail) notification of the Dr. Roe's right to amend the pleading under these procedures, specifying the proposed deficiencies and the deadlines below."

9.  Without this notice, while verbally notifying the Government of the intent to amend the Original Complaint, Dr. Roe did not file a written Advisory of his intent to amend the Original Complaint.

10. Regardless, the Government, after seeking a second consent-based extension of time to file up and until February 3, 2023, filed their Motion to Dismiss on February 3, 2023.

11. This Motion to Dismiss, while containing a general conference statement per case law (ECF No. 19 at 25), did not include the Standing Order conference statement "expressly stating the movant complied with this Standing Order by informing the Dr. Roe of the basis of any anticipated motion, the date of this notice, and noting the nonmovant did not timely amend its pleading or the amended pleading is still deficient."

12. Dr. Roe, still awaiting a response to the classified information issues litigated herein, sought an extension to "file Dr. Roe's response to Defendants' Motion to Dismiss or amend the complaint or both" on February 14, 2023.

13. This extension was granted.

14. The case was then unsealed through joint motion after the Government asserted there were no concerns of mosaic classification or spillage in the pleadings on February 22, 2023.

15. Still awaiting determination on the subject classification issues and process, Dr. Roe filed an additional motion to extend the amendment and/or response deadlines on April 7, 2023 as well as the 26(f) Report.

16. This extension was granted up and until May 18, 2023.

17. On April 4, 2023, the Government counsel communicated a denial of Dr. Roe's counsel's request to discuss classified information relevant to this litigation with Dr. Roe.

18. This prompted the subject Motion filed on April 28, 2023, to which the Government requested and received an extension to respond on May 4, 2023, which was granted until May 19, 2023.

19. The same day, anticipating this instant litigation, Dr. Roe filed a motion to extend the time to respond to the Motion to Dismiss and/or amend the complaint until July 17, 2023.

20. While unobjected, the Magistrate granted in part and denied in part without prejudice to seeking another extension and set the date to respond and/or amend until June 16, 2023.

21. The Government then filed their Response to the subject Motion.

22. Within 72-hours, prior to Dr. Roe's ability to file a timely Reply, the Magistrate denied the Motion without Prejudice, ruling "The motion is denied for the reasons stated in the Government's response [DE 33]. Such denial is without prejudice to reconsideration, if necessary, after the District Court rules on the pending motion to dismiss [DE 19]." Text Order dated May 22, 2023.

23. This objection to this Text Order follows.

24. Dr. Roe incorporates by reference and adopts all facts and arguments contained within his Motion and hereinafter supplements.

**Standard of Review**

The appropriate standard of review to apply to this Objection is *de novo*. A Magistrate judge's authority to rule on pretrial motions arises from two sources: The Federal Magistrates Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72. Rule 72 generally divides pretrial matters into two categories: dispositive and non-dispositive matters. *Macias v. Bexar Cty.*, No. SA-21-CV-00193-JKP, 2023 U.S. Dist. LEXIS 72506, at *3 (W.D. Tex. Apr. 25, 2023). Non-dispositive matters are those that are not dispositive of a party's claim or defense. *Id.* Dispositive matters are normally those that include motions similar to those found in the discrete list found in 28 U.S.C. § 636(b)(1)(A). *Davidson v. Ga.-Pacific*, L.L.C., 819 F.3d 758, 763 (5th Cir. 2016) ("The Act lists the following as dispositive pretrial matters in civil cases in which the magistrate judge may only issue a recommendation: motions for injunctive relief, for judgment on the pleadings, for summary judgment, to certify or decertify a class action, to dismiss for failure to state a claim, and to involuntarily dismiss a case.").

Courts have also found other types of motions dispositive despite not being on that list. *See Davidson v. Ga.-Pacific, L.L.C.*, 819 F.3d 758; *In re Application [sic] of Tatiana Akhmedova*, No. 5-20-MC-1099-JKP-RBF, 2020 U.S. Dist. LEXIS 202391, at *1 n.1 (W.D. Tex. Oct. 30, 2020) ("Although the District Court referred this matter for disposition, several courts have suggested that granting relief under 28 U.S.C. § 1782(a) may be dispositive for purposes of magistrate judge jurisdiction.") citing *In re Caceres*, No. 1:19-mc-00405-KS-RHW, 2020 U.S. Dist. LEXIS 86760, 2020 WL 2523120, at *4 (S.D. Miss. May 18, 2020) (evaluating a §1782 issue as dispositive even though it was not an enumerated dispositive pretrial matter under Section 636(b)(1)(A) after looking at the nature of the proceeding). *See also* 12 Charles Alan Wright et. al., Federal Practice and Procedure § 3068.2 (3d ed. 2014) ("Constitutional concerns explain the statutory distinction between types of pretrial matters. Motions thought 'dispositive' of the action warrant particularized

objection procedures and a higher standard of review because of the possible constitutional objections that only an article III judge may ultimately determine the litigation.").

In this case, given that the Magistrate Judge issued a Text Order and not a Report and Recommendations, it is implied that the Magistrate considered this a non-dispositive issue. Admittedly, without a record or findings greater than the two lines included in the Text Order, it is difficult to know the conclusions of the Magistrate on this point. However, since he merely adopted the Government's argument in whole as his order, and the Government's argument simply assumes that the content of the Dr. Roe' s mind is discovery (without citation supporting that point in any way), it follows that the Magistrate considered this a non-dispositive issue. This is error and the first objection.

Up front, undersigned counsel could find no cases involving similar motions that bear on the matter, affirming the first impression nature of the issue. However, the two cases (discussed significantly in the Motion) that align to this issue were not the product of a Magistrate's Report and Recommendations or pretrial order. *Cf. Stillman v. DOD,* 209 F. Supp. 2d 185 (D.D.C. 2002) (rev'd on constitutional avoidance grounds) and *Pollard v. United States Parole Comm'n*, No. 15-cv-9131 (KBF), 2016 U.S. Dist. LEXIS 73332 (S.D.N.Y. June 6, 2016). The fact that this issue was neither debated as discovery nor referred to a magistrate in either case, lends persuasive authority to the dispositive nature of this issue.

At its core, the Motion raises issues of the Dr. Roe's rights to consult counsel, fully evaluate and raise additional claims (or join defendants) before this Court, and/or supplement his pleading or motions with dispositive fact. These are all issues of constitutional dimension under the First and Fifth Amendments and dispositively set the foundational conditions of this litigation and its fundamental fairness. Further, the lack of any meaningful record, evidence, or even permitting Dr.

Roe to file a timely Reply, further buttress the need for a *de novo* review of this action. *See* Rule 4(b), Appendix C, Local Rules for The Assignment of Duties to United States Magistrate Judges, Local Court Rules of the United States District Court for the Western District of Texas (allowing further evidence and witnesses in a new hearing under dispositive *de novo* review).

### Objections

*General Objection*

F.R.C.P. R. 72 and Local Rules for U.S. Magistrate R. 4(b) require specificity in the objections to a Magistrate's order. However, the nature of the summary Text Order without findings or conclusions, adopting the Government's Response in its entirety without citation, lends itself to a general objection to preserve all issues raised in the Motion for appeal. While it is Dr. Roe's intention to object to every substantive portion of the Government's Response, the breadth and generality of the adoption creates a position where a proposition may be overlooked. Thus, Dr. Roe enters a general objection to the Government Response turned Text Order and asks the Court to reconsider or review any portion of the Response that it deems worthy of relief, even if not specifically raised herein.

*Specific Objections*

The following constitutes Dr. Roe's specific objections to the Text Order. Given the total summary adoption, the terms Text Order and Government's Response are used interchangeably. A reference to an issue or error in the Government's Response is an objection to the same as the Text Order.

<u>Objection #1: Dr. Roe objects to the misconstruction of the Dr. Roe's claims by the Government.</u>

Leading the Government's Response is a summarized list of the Government's defenses and arguments raised by their Motion to Dismiss and presumably offered to show the futility of Dr. Roe's Motion. To the extent they are adopted by the Magistrate, it is clear error. Practically each summary is a convenient misconstruction meant to invent the nature of the claim to more easily attack it. *See* Edward Damer, *Attacking Faulty Reasoning* 157 (6th ed. 2009) (Fallacies of Diversion: Attacking a Straw Man - "Misrepresenting an opponent's position or argument, usually for the purpose of making it easier to attack."). Either that, or the experienced Government counsel fails to apprehend the nature of the claims themselves.

While not seeking to litigate Dr. Roe's forthcoming response to the pending Motion to Dismiss in this filing, clarification of some of the misconstructions are necessary to show the validity of this Motion. For example, in its third bullet, the Government construes Dr. Roe's claim to demand restoration in a classified program. This is not accurate at all. Dr. Roe is *still "read in" to and participating in equivalent classified programs – even programs with higher classification and sensitivity.* Dr. Roe's valid claim is that he is actively, and continually (even now), functionally disbarred from participation with the Government agency AFLCMC (despite being allowed access to other agencies) without cause or process. *See* ¶ 93, Original Complaint ("Specifically, Dr. Roe has learned that the specific basis of the debarment is that the AFLCMC does not want to be associated with a scam and/or a scam artist', or words to that effect."). Unfortunately, AFLCMC is the primary – practically sole – agency for Dr. Roe's brilliant, world-changing technical application of AI/ML. This debarment from AFLCMC arose from untested accusations of dishonesty, fraud, or lack of integrity.

Dr. Roe is actively and currently barred from participation in, discussion of, briefing to, gaining additional contracts with, or marketing any of his classified products or ideas before the

AFLCMC agency. For all practical purposes, he has been suspended or blacklisted from working with a government agency without due process. *Ifone Neda Internet Serv. v. Army & Air Force Exch. Serv.*, 2021 U.S. Dist. LEXIS 56800, *13 ("Nevertheless, in the absence of formal proceedings, a party may allege that a *de facto* debarment has occurred, when a contractor or subcontract has, for all practical purposes, been *suspended* or *blacklisted* from working with a government agency without due process, namely, adequate notice and a meaningful hearing. Because the consequences of *de facto* debarment are so severe, when it occurs without due process and on grounds of dishonesty, fraud or lack of integrity, [it] violates the Fifth Amendment.") quoting *Phillips v. Spencer*, 390 F. Supp. 3d 136, 155 (D.D.C. 2019) (emphasis included and added) (quotations omitted). Dr. Roe appropriately seeks injunctive relief and redress for this *de facto* debarment, not an order regarding classified access, which he already possesses.

This is the same kind of misconstruction that the Government uses in its fourth bullet. It reassembles the straw man into a claim of contracting. Again, as described above, the claims do not pertain to contracting alone, although cancelation of his contract without cause was an act that was part of the continuing *de facto* debarment scheme; a cancellation based on allegations of fraud, deceit, honesty, or lack of integrity. The cancelation of his contract on this basis without process, is a fact, not the end.

Dr. Roe's claims concern an active and continuing exclusion without cause or process from both past, present, and future participation in the Government product development program for which he is still approved access even now. "The reasons that de facto debarment implicates constitutionally protected liberty interests are articulated at length in the foundational D.C. Circuit case *Old Dominion Dairy Products, Inc. v. Secretary of Defense...*" *Ifone* at *14 (adopting and quoting *Old Dominion* heavily regarding nearly identical Government conduct). "[W]e hold that

when the Government effectively bars a *contractor* from virtually all Government work due to charges that the *contractor* lacks honesty or integrity, due process requires that the *contractor* be given notice of those charges as soon as possible and some opportunity to respond to the charges before adverse action is taken." *Old Dominion Dairy Prods., Inc. v. Sec'y of Def.*, 203 U.S. App. D.C. 371, 631 F.2d 953, 955-56 (1980) (emphasis added). If the Government could recast these claims to contract claims every time, then the debarment doctrines would not exist.

The remainder of the Government's convenient bullets[1] all invoke questions of fact and the sufficiency of allegations within the Complaint – the very purpose of the Motion. The Motion expressly seeks access to facts already known to Dr. Roe to further build his claims. Mentioning the "failure to allege" or "essential elements" of Dr. Roe's claims merely reinforces the material prejudice Dr. Roe faces through the Government-controlled gag order weaponized here through classification. They are both attacking Dr. Roe for insufficiency and holding his mouth shut when he seeks to counter this attack. Dr. Roe's Motion is far from futile and requires this Court's action.

<u>Objection #2: The Government's Motion to Dismiss may submit questions of law, but the questions of law are satisfied through allegations of fact currently restricted by the Government.</u>

Seemingly to further attack the futility of Dr. Roe's Motion, the Government argues, and Text Order summarily adopts, that the "motion to dismiss raises pure questions of law" (Response at 2) as a rationale for why Dr. Roe should not be allowed to have a full, regulated, controlled, and secure, consultation with his counsel and raise all claims and facts already available to him. Even

---

[1] The Government alleges in bullet five that Dr. Roe fails to allege the essential elements of FTCA claims for intentional infliction of emotional distress (and conspiracy for the same in bullet 6), both valid claims under the FTCA. *See* C.M. v. United States, No. 5:21-CV-0234-JKP-ESC, 2023 U.S. Dist. LEXIS 78434, at *136 (W.D. Tex. May 4, 2023) (finding intentional infliction of emotional distress a valid claim under the private person analog of the FTCA); *Dickson v. United States*, 11 F.4th 308, 313-14 (5th Cir. 2021) (identifying that the law enforcement proviso of the FTCA extends to abuse of process claims).

the Government acknowledges this need for facts to counter a motion to dismiss in its attempts to chastise Dr. Roe for this motion: "Instead of responding to the motion to dismiss as most litigants would—i.e., with (1) an opposition brief that explains why the defendants are wrong on the law, or (2) *an amended complaint that cures the pleading and legal deficiencies identified in the dismissal motion*—the plaintiff has filed a request for rather extraordinary relief." Response at 2 (emphasis added). How does a litigant amend a complaint when much of the facts, despite being in his possession, are locked away through regulation and threat of prosecution[2]?

The Government further doubles down on this catch-22 of its creation when it later argues that somehow Dr. Roe and counsel failed the Fed. R. Civ. P. Rule 11 standards by even filing this lawsuit with the unclassified facts available to him at the time. Response at 5. It is unclear whether Government counsel is arguing whether Rule 11[3] somehow required Dr. Roe and counsel to discuss classified facts prior to filing[4], or that Dr. Roe must be limited to only those unclassified facts available at the time of filing, but either way, it is an unsupported and needlessly rigid view of any plaintiff's options. *See Kirsch Rsch. & Dev., LLC v. BlueLinx Corp.*, No. 6-20-CV-00316-ADA, 2021 U.S. Dist. LEXIS 239484, at *2 (W.D. Tex. July 19, 2021) (discussing how the plaintiff amended the pleadings twice to expand the allegations in the face of two different motions to dismiss); *Wilson v. City of Mission*, No. 7:18-cv-00399, 2020 U.S. Dist. LEXIS 75710, at *28-

---

[2] 18 U.S.C.S. § 798 ("(a) Whoever knowingly and willfully communicates, furnishes, transmits, or otherwise makes available to an unauthorized person, or publishes, or uses in any manner prejudicial to the safety or interest of the United States or for the benefit of any foreign government to the detriment of the United States any classified information…Shall be fined under this title or imprisoned not more than ten years, or both.").

[3] Dr. Roe and counsel emphatically assert that their Original Complaint meets all Rule 11 requirements.

[4] *See* 18 U.S.C. § 798 *supra*.

29 (S.D. Tex. Apr. 29, 2020)(holding no fault to plaintiff in amending the complaint with facts not available at the time of filing).

Dr. Roe's claims involve generally, 1) *Bivens* claims for First and Fifth Amendment violations; 2) *de facto* debarment claims under the 5th Amendment (and related injunctive relief); 3) Federal Tort Claims Act (FTCA) claims for intentional infliction of emotional distress; 4) Abuse of Process under the FTCA Law Enforcement Proviso; 5) Civil Rights violations for deprivation of liberty and property and retaliation for First Amendment protected speech (and civil conspiracy for the same as well as the FTCA torts).

Each of these require sufficient allegations of fact. *See Carswell*, 54 F.4th at 312 (must plead sufficient facts to overcome qualified immunity challenges in *Bivens* claims); *Ifone Neda Internet Serv.*, *supra*. at *18 (discussing plaintiff's burden of showing evidence the government's debarment was based on lacking integrity, perpetuating fraud, or being generally nonresponsible); *C.M.* v. *United States*, *supra*, at *127 (discussing in detail the factual allegations and standards necessary to proceed with FTCA claims); *Irby v. Luker*, No. 2:09cv223KS-MTP, 2010 U.S. Dist. LEXIS 58869, at *17 (S.D. Miss. June 11, 2010) (discussing the factual sufficiency to plead a constitutional violation regarding taking of property or liberty claims). Each of Dr. Roe's claims hinge on facts. And, while Dr. Roe asserts he has alleged sufficient facts to overcome a motion to dismiss at this stage (including qualified immunity defenses), there is nothing that operates to limit him to those facts in the initial pleading. To the contrary, courts should encourage the expanding of allegations in a complaint to cure defects raised by opposing parties. This ensures the full and fair adjudication of claims before bar.

It is this requirement of fact, put directly at issue in the government's assertion of qualified immunity and failure to state a claim, that should allow Dr. Roe to share the knowledge he already

possesses. Who is to say what quantum of fact is necessary to clear this Court's standard for pleading? Dr. Roe should be allowed to raise any and all fact that he already possesses to clear that standard.

*Objection 3: Existing knowledge within Dr. Roe's mind is not Discovery.*

Frankly, if this Court determines that potential classified fact already contained within the mind of Dr. Roe is "discovery", then the Motion and this Objection fails until Dr. Roe has overcome Qualified Immunity. However, *nothing* in the Government Response, adopted by the Text Order, supports that Dr. Roe's ability to plead already known, potentially classified, facts or discuss the same with his classified-eligible counsel is discovery. *See* Response 5-6. (The Government simply declares: "Dr. Roe fails to adequately explain why the Court should issue an unprecedented *discovery* order that raises serious separation of powers concerns and unnecessarily risks the compromise of classified information before determining whether the complaint is subject to dismissal on threshold legal grounds unrelated to any classified information.") (emphasis included). Through that unsupported declaration that Dr. Roe's Motion is a discovery motion, it then transitions conveniently to rebutting it with laws on discovery and qualified immunity. This untested and unsupported presumption that improperly frames the issues cannot stand. Moreover, it is a calculated misconstruction to recast the issue as discovery to place it under favorable qualified immunity case law.

To the contrary, none of the cases cited by Dr. Roe in his Motion ever take on the idea that classified knowledge is "discovery." *See Stillman v. DOD,* 209 F. Supp. 2d 185 (D.D.C. 2002) (rev'd on constitutional avoidance grounds, not the applicable classified information analysis); *Pollard v. United States Parole Comm'n,* No. 15-cv-9131 (KBF), 2016 U.S. Dist. LEXIS 73332 (S.D.N.Y. June 6, 2016) (acknowledging the *Stillman* reversal but enforcing that the applicable

classified information analysis is still solid law); *Al Haramain Islamic Found., Inc. v. United States Dep't of the Treasury*, 686 F.3d 965, 982-83 (9th Cir. 2012). If this concept of classified knowledge as discovery were viable, these cases would have undoubtedly addressed it given their fulsome treatment of the subject. They did not. It is a novel assertion and adoption by the Magistrate has no support in the law. Dr. Roe is not learning or accessing anything new, or anything currently held by the Government, he is merely seeking approval to plead those facts to this Court. To do so competently, he needs to share those facts with cleared counsel. *Al Haramain* at 983 (a lawyer who has the appropriate security clearance also does not implicate national security when viewing the classified material because, by definition, he or she has the appropriate security clearance.) The refusal to grant this request (*see* Need to Know *infra*.) is merely a gag to both these rights.[5]

    <u>Objection 4: The perspective that Dr. Roe's pleading or sharing of potentially classified fact is "divulging" is in error.</u>

    The characterization by the Government that Dr. Roe would be "divulging" classified information is in error. *Al Haramain* puts it most plainly when it states that national security is not even *implicated* when classified material is shared with a clearance eligible attorney. 686 F.3d at 983. Dr. Roe's counsel in this case are both former Marine Corps judge advocates who possess clearances.[6] *See* Decl. of Jason Wareham and John Hodges attached to the Motion. Undersigned counsel already has the level of clearance necessary for the highest level of information presumed

---

[5] Additional classified discovery *may* actually become an issue but not until after qualified immunity is resolved. But all Dr. Roe seeks currently is to discuss the facts with counsel and plead them as appropriate.

[6] To the extent that the Response and Text Order at 3 assert that counsel are seeking the grant of clearances, it is in error and perhaps demonstrates another convenient misconstruction or merely a misunderstanding of the difference between clearance and access pursuant to existing regulations.

classified in this matter and has extensive experience in classified litigation and handling.[7] Given these circumstances, any argument or adoption that rules that classified fact would be "divulged" is in error. It would remain within the same governmental constraints as the information currently exists – within a secured compartmentalized information facility held by cleared personnel.

<u>Objection 5: The Court has the authority to grant the requested relief.</u>

The Government leads with the old chestnut that the grant of security clearances (and access to materials) would violate the separation of powers and infringe on the Executive Branch. Response at 3. However, this view has been consistently rebuked as this is not an order determining "need to know" or eligibility, it is an order reviewing a denial by the Executive Branch – the core being of the judiciary.

It is foundational that Dr. Roe did not come first to this Court to seek the ability to share and plead classified fact directly. Rather, Dr. Roe's counsel went to the Executive Branch first and requested that counsel be granted access to the presumptively classified material (as provided for in regulation). Att. B, Ex. 1, Motion. But this request was summarily denied without stated basis despite the Government's own regulations providing the requisite "need to know." *See* Motion at 2-3 (examining §§ 17.17 and 17.46 of Title 28 of the Code of Federal Regulations and DoDM 5200.02, all of which provide classified access to counsel in litigation if "necessary to adequately represent the client."). Required of these regulations, is certifications of that fact by the General Counsel or the Judge Advocate General of DoD components. It is this determination, on information and belief, lacking any of the required regulatory processes that is subject to this

---

[7] Undersigned counsel has verified just this week that his clearance is even in the active renewal process, which will last another five years.

court's review, to include whether the denial is an abuse of discretion or violative of due process principles.

Both the *Stillman* and *Pollard* courts directly addressed this issue (the *Pollard* court acknowledging and adopting that this portion of *Stillman* was still persuasive and good law). Ignored by the Government Response entirely, *Stillman* resoundingly rejects the Government's position raised here yet again with the identical *Egan* cite, with what the *Pollard* court calls a full-throated defense of judicial review of classification decisions and access determinations. "Regardless of the constitutional standard to be applied, defendants argue that the issue of reviewability of access decisions has already been resolved. Contrary to defendants' argument, however, judicial review of the decision to deny plaintiff's counsel access to allegedly classified information does not contravene the holding of *Department of the Navy v. Egan* or other precedent." *Stillman* at 207 (deconstructing *Egan* for pages). "Thus, in none of these cases [listing 8 different cases cited by the government] did a court actually hold that it lacked jurisdiction to hear a constitutional challenge to a security access denial. In contrast, the only court squarely faced with a constitutionally based challenge, has three times[8] held that such claims are reviewable." *Id.* at 212.

The Government fairly points out that a portion of *Stillman* was overturned – a point that Dr. Roe led with in his coverage of *Stillman* in the Motion – but then moves on summarily, acting as if the entire opinion is dead. Response at 8. This is simply not accurate. *Stillman* was overturned

---

[8] citing *Dorfmont v. Brown*, 913 F.2d 1399 (9th Cir. 1990); *High Tech Gays v. DISCO*, 895 F.2d 563 (9th Cir. 1990); *Dubbs v. CIA*, 866 F.2d 1114, 1120-21 (9th Cir., 1989).

due to a failure to attempt first to avoid constitutional First Amendment principles, not for the ruling on justiciability and classified access requirements for which Dr. Roe submits it. *See Pollard* at *26 (applying *Stillman* on the justiciability of classification). The Government perhaps avoids *Stillman* because it completely destroys the arguments it reboots here. One of the other most useful purposes of *Stillman* is to contrast the amount of written material, process, and evidence that was submitted in denying counsel's classified access request in that case. Contrast this to a single email denial by Government counsel in this case (Att. C, Ex. 1, Motion) and the need for judicial review of the process is evident. To the extent this Court finds *Stillman* fully overturned, Dr. Roe adopts the reasoning anew within *Stillman* and submits it should be applied here *de novo*. These cases are rare, and this Court should align with other courts who have wrestled the issue in such fulsome and supportable ways. Minimally, the denial of access here is reviewable for whether the agency's decision violated existing regulations and was an abuse of discretion and/or arbitrary and caprcious.

> Objection 6: Dr. Roe and Counsel are entitled by the regulations to have access to the requested classification material already held by Dr. Roe.

Missing from the Government's Response and adopting Text Order is any analysis of its own binding regulations controlling this issue. Described fully in the Motion, and already mentioned *supra*, are found in §§ 17.17 and 17.46 of Title 28 of the Code of Federal Regulations and DoDM 5200.02. These regulations establish access to classified information when "necessary to adequately represent the client." DoDM 5200.02 at 24. The entirety of the Motion, Dr. Roe's Declaration attached to the Motion, and this Objection lay out that such access is "necessary to adequately represent" Dr. Roe. Under the regulations, cleared counsel are then entitled to access for the necessary litigation purposes envisioned by the regulations.

<u>Objection 7: The Government Response and Text Order errored in determining that Executive Order 12968 does not apply to counsel.</u>

The Government submits without citation that counsel representing a private litigant is not covered by the Executive Order because they are not employees. Response at 8. However, the definition of "Employee" in Executive Order 12968 disagrees.

> "(e) 'Employee' means a person, other than the President and Vice President, employed by, detailed or assigned to, an agency, including members of the Armed Forces; an expert or consultant to an agency; an industrial or commercial contractor, licensee, certificate holder, <u>or grantee of an agency</u>, including all subcontractors; a personal services contractor; or any other category of person who acts for or on behalf of an agency as determined by the appropriate agency head." Executive Order 12968 at 3 (emphasis added).

DoDM 5200.02 provides counsel "necessary to adequately represent the client" a <u>grant</u> of access. Therefore, any denial of access is governed by the requirements of Sec. 5.2 of E.O. 12968, which requires a detailed writing as to the basis of the denial, the records that support the denial, and the method of appealing that decision. Here, a single email was all that counsel received without any basis for the denial. Even today, there has been no stated basis given by any Classification Authority, General Counsel, or Judge Advocate General. The Government has failed in its own processes and regulations and has denied this Court the ability to fully review the issue.

Alternatively, if this Court finds that the Executive Order is inapplicable, the need for justiciable review of the issue still provides that limited discovery and a record be created regarding the denial. This will allow for proper judicial review of the issue in resolving Dr. Roe's Motion.

<u>Objection 7: The Text Order presupposes the information is properly classified without review of the material or attempting a declassification review.</u>

The Government response and adopting Text Order make one singular error: it presumes that the information being withheld is classified. While Dr. Roe is under the assumption that the

material is classified, it is unknown, and the Government has presented no evidence, that the information Dr. Roe seeks to speak about is still, or ever was, classified. The DoD regulation governing declassification is DoDM 5200.01-V1, *DoD Information Security Program: Overview, Classification, and Declassification* (February 24, 2012). It specifically details the policy that information shall be declassified as soon as it no longer meets the standards for classification. *Id.* at 57. It goes on to set conditions for automatic declassification, classification challenges, and classification reviews. *Id.* This demonstrates that the nature of classified material is fluid and in need of review before making access denial decisions.

Moreover, nothing supporting the classification of the material has been submitted by the Government to the Court in even an *ex parte* filing. Nor has any state secrets privilege been asserted. Nor has anyone suggested that Dr. Roe could proffer to this Court or to a neutral 3rd party security officer who could properly assert that the information Dr. Roe seeks to plead here is still classified. The Government just rests on a blanket "no" without record, basis, or showing. This is the same process foul identified, yet again, by *Stillman*, "This Court cannot overstate the fact that the government has not asserted the state secrets privilege here, and it is unclear at this point whether it would or could." *Stillman* at 222. "Absent any invocation of the state secrets privilege, however, defendants cannot insulate their actions under a blanket claim of national security…" *Id.* at 224 (the opinion is replete with admonishments that courts deal only in evidence and records, not supposition).

While Dr. Roe must follow the presumption that what he knows and wants to share is classified, the same is not true for the Government. It is entirely possible that the information relevant to the claim, currently held by Dr. Roe, is not actually classified, either never was, or has since been declassified. Or, it is possible, with the assistance of a security officer, that the information and details he wishes to share could be converted into a unclassified summary or sealed annex for *in camera* review (although counsel would be needed to help this creation). The point is, there are potential solutions that the Government's baseless denial ignores. Minimally,

the Government should be tasked with providing the basis of denial and paperwork associated therewith from the prior objection as well as a minimal sealed showing that the information Dr. Roe would like to discuss with counsel, and add to the amended complaint, is actually classified information.

WHEREFORE, based on the general and specific objections to the Text Order above, Dr. Roe requests the following relief from this Court:

1) That this Court conduct a *de novo* review and hearing.

2) That the Government be ordered to produce sufficient evidence and documentation supporting their decision denying counsel access to presumptively classified information and that the required regulatory process was followed.

3) That the decision to deny counsel access to presumptively classified information be properly reviewed by this Court.

4) That the Government be ordered to follow its own regulation, and, if those regulations support access, provide the necessary access inclusive of "read ons" and a SCIF to allow Dr. Roe to share the necessary presumptively classified facts with counsel.

5) That Dr. Roe's response to the motion to dismiss and/or deadline to amend the Original Complaint be stayed until 14-days following this Court's ruling on this Objection. Or, should the Court grant Dr. Roe's Motion, at a later date to be scheduled by this Court following the requested access and case discussions requested.

6) Any other relief the Court deems necessary and just.

(Intentionally Left Blank)

Respectfully submitted,

*/s/ John W. Hodges, Jr.*
John W. Hodges, Jr., #2409167
Hendley & Hodges Law
29710 US Hwy 281 North, Ste 300
Bulverde TX 78163
Phone: (210) 714-0924


*/s/ Jason R. Wareham*
Jason R. Wareham, CO Bar No: 56974
*Pro Hac Vice*
The Law Center P.C.
300 Plaza Dr., Ste 200
Highlands Ranch CO 80129
303-991-5200
Litigation@thelawcenterpc.com

**ATTORNEYS FOR PLAINTIFF**


## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 4, 2023, I filed the foregoing *Objection* via ECF and served the same on all counsel of record and the Magistrate and Clerk of Court via the same.


*/s/ Jason R. Wareham*
Jason R. Wareham, CO Bar No: 56974
*Pro Hac Vice*
The Law Center P.C.
300 Plaza Dr., Ste 200
Highlands Ranch CO 80129
303-991-5200
Litigation@thelawcenterpc.com