UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DR. JOHN ROE,<br><br>             Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>             Defendants. | Civil Action No. 5:22-CV-00869-JKP-HJB |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION
TO THE COURT'S ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
ACCESS TO THE CLASSIFIED INFORMATION IN PLAINTIFF'S MIND**

Defendants respectfully submit this response to the plaintiff's Objection to the Court's May 22, 2023 Order denying his "Motion to Compel Access to the Classified Information in Plaintiff's Mind." Dkt. No. 34.

**I.      THE OBJECTIONS ARE WITHOUT MERIT AND SHOULD BE OVERRULED.**

The objections should be overruled for two reasons. First, the plaintiff is wrong that the Court's Order denying his motion to compel access to classified information is a "dispositive" matter subject to *de novo* review. *See* Objection at 5-7. The plaintiff's motion to compel is not dispositive of any party's claim or defense in this matter. Rather, the motion to compel is the kind of non-dispositive pretrial matter that magistrate judges routinely resolve. *See* Fed. R. Civ. P. 72(a) (procedure for referral and review of "Nondispositive Matters"). The Court's August 11, 2022 Referral Order specifically referred this action to Magistrate Judge Henry J. Bemporad "for disposition of all non-dispositive pretrial matters" including, among other things, all "discovery

motions" and all pretrial motions "which do not dispose of an existing party, claim, or defense." Dkt. No. 3 (Referral Order) at 1-2.

The standard by which a district court reviews discovery and other non-dispositive rulings by a magistrate judge is established by 28 U.S.C. § 636. It states that "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The Fifth Circuit has stated that the statute specifically requires the district court to apply a "clearly erroneous" standard when reviewing a magistrate judge's ruling on a non-dispositive, pretrial motion such as a discovery motion. *See Castillo v. Frank*, 70 F.3d 382, 385-86 (5th Cir.1995) ("clearly erroneous" review applies to magistrate judge's ruling on a motion to compel). And so the order denying the plaintiff's motion to compel access to classified information is subject to revision by the District Court only if it is clearly erroneous (which it isn't).

Second, on the merits, the plaintiff's objections conflate the motion to compel and the dismissal motion. The plaintiff seems to say his motion to compel should be granted because the government's arguments for dismissal are wrong. *See* Dkt. No. 34 at 7-12. But that argument underscores the government's basic point that the motion to compel "puts the cart before the horse." Dkt. No. 33 at 5. The plaintiff's objections show that the proper course of procedure here is first to determine whether he has any viable lawsuit at all. He does not, and his various contrary arguments are mistaken. The place to present the plaintiff's arguments on that score is in his yet-to-be-filed opposition to the dismissal motion. And of course, the motion to compel was denied "without prejudice to reconsideration, if necessary, after the District Court rules on the pending motion to dismiss." (5/22/23 Order). If the complaint survives dismissal, then, as the Magistrate Judge ruled, the plaintiff's motion to compel can be renewed. And if the action is

dismissed, the motion to compel is moot. And so, the Order denying the plaintiff's motion to compel is not clearly erroneous, and his objections should be overruled.

## CONCLUSION

For the foregoing reasons, the Court should overrule the plaintiff's Objection to the Court's May 22, 2023 Order denying his "Motion to Compel Access to the Classified Information in Plaintiff's Mind." Dkt. No. 34.

Dated: June 6, 2023             Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney

C. SALVATORE D'ALESSIO, JR.
Director, Torts Branch

RICHARD MONTAGUE
Senior Trial Counsel, Torts Branch

*/s/ Reginald M. Skinner*
REGINALD M. SKINNER
Senior Trial Attorney
Virginia State Bar. No. 48785
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-3111
Fax: (202) 616-4314
Email: reginald.m.skinner@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on June 6, 2023, I filed the foregoing *Response to Plaintiff's Objection to the Court's Order Denying Plaintiff's Motion to Compel Access to the Classified Information in Plaintiff's Mind* and reasonably relied upon the same to be served on all counsel of record through the Court's CM/ECF system.

                                                   */s/ Reginald M. Skinner*
                                                   REGINALD M. SKINNER
                                                   Senior Trial Attorney
                                                   Virginia State Bar. No. 48785
                                                   United States Department of Justice
                                                   Torts Branch, Civil Division
                                                   P.O. Box 7146, Ben Franklin Station
                                                   Washington, D.C. 20044
                                                   Tel: (202) 616-3111
                                                   Fax: (202) 616-4314
                                                   Email: reginald.m.skinner@usdoj.gov