# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

|  |  |
|---|---|
| DR. JOHN ROE,<br><br>           Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>           Defendants. | Civil Action No. 5:22-CV-00869-JKP-HJB |

## ANSWER

Defendants, by counsel, answer Plaintiff's Second Amended Complaint [ECF No. 65] as follows:

The unnumbered introductory paragraph of the Second Amended Complaint contains no factual allegations to which a response is required. To the extent an answer is required, Defendants deny any factual allegations.

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 1. The remaining allegations in paragraph 1 are legal conclusions, not statements of fact to which a response is required.

2. The statements in paragraph 2 are legal conclusions, not statements of fact to which a response is required.

3. The statements in paragraph 3 are opinions and characterizations of Plaintiff's claims, not statements of fact to which a response is required. To the extent an answer is required, Defendants deny any factual allegations.

4.     The statements in paragraph 4 are opinions and characterizations of Plaintiff's claims, not statements of fact to which a response is required. To the extent an answer is required, Defendants deny any factual allegations.

5.     Denied.

6.     Denied.

7.     Denied.

8.     Denied.

9.     Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    The statements in paragraph 13 are opinions and characterizations of Plaintiff's claims, not statements of fact to which a response is required. To the extent an answer is required, Defendants deny any factual allegations.

14.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.    The statements in paragraph 15 are legal conclusions, not statements of fact to which a response is required.

16.    The statements in paragraph 16 are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, Defendants aver that the United States Department of the Air Force is a military department within the United States Department of Defense.

17.    The statements in paragraph 17 are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, Defendants aver that the Air Force Office of Special Investigations is a federal law enforcement and counterintelligence agency within the Department of the Air Force.

18.    The statements in paragraph 18 are legal conclusions and characterizations of Plaintiff's claims, not statements of fact to which a response is required. To the extent a response is required, Defendants aver that Frank Kendall III is the current United States Secretary of the Air Force.

19.    The statements in paragraph 19 are legal conclusions and characterizations of Plaintiff's claims, not statements of fact to which a response is required. To the extent a response is required, Defendants aver that Lt. Gen. Kevin B. Kennedy, at the relevant time, served as the Commander, Sixteenth Air Force; Commander, Air Forces Cyber, and Commander, Joint Force Headquarters-Cyber (Air Force), Joint Base San Antonio-Lackland, Texas.

20.    The statements in paragraph 20 are legal conclusions and characterizations of Plaintiff's claims, not statements of fact to which a response is required. To the extent a response is required, Defendants aver that Lt. Gen. Shaun Q. Morris, at the relevant time, served as the Commander of the Air Force Life Cycle Management (AFLCMC) Center, Wright-Patterson Air Force Base, Ohio.

21.    The statements in paragraph 21 are legal conclusions and characterizations of Plaintiff's claims, not statements of fact to which a response is required. To the extent a response is required, Defendants aver that Major William McVeigh, at the relevant time, served the AFLCMC Cyber Missions Systems Branch (HNCO) as Chief of the Special Projects Section.

22.     The statements in paragraph 22 are legal conclusions and characterizations of Plaintiff's claims, not statements of fact to which a response is required. To the extent a response is required, Defendants aver that Joseph D. Burghard, at the relevant time, served as a Program Element Monitor for the Office of the Secretary of the Air Force, Special Programs.

23.     The statements in paragraph 23 are legal conclusions and characterizations of Plaintiff's claims, not statements of fact to which a response is required. To the extent a response is required, Defendants aver that Lt. Col. Jared M. Ekholm, at the relevant time, served as Materiel Leader, Cyber Warfare Mission Systems.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.     The statements in paragraph 26 are legal conclusions, not statements of fact to which a response is required.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.    Denied as to the allegations regarding Defendant McVeigh. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60.    Denied.

61.    The statements in paragraph 61 are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, Defendants deny any factual allegations.

62.    Defendants aver that in 2019, personnel from AFLCMC/HNCO introduced Plaintiff, in his NSA government civilian capacity, to Mr. Burghard and his team, so that Plaintiff could pitch ideas for new science and technology projects. AFLCMC/HNCO received

funding to conduct proof of concept development of these projects with Plaintiff advising in the development.

63.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65.     Defendants incorporate by reference their response to paragraph 62. Defendants otherwise deny the allegations in paragraph 65.

66.     Defendants aver that Plaintiff sent emails to the Administrative Law and Ethics email alias, and Plaintiff received general guidance on some risks he should consider in making his decision on whether to engage in the activities he described. Defendants otherwise deny the allegations in paragraph 66.

67.     Defendants incorporate by reference their response to paragraph 66. Defendants otherwise deny the allegations in paragraph 67.

68.     Denied.

69.     Defendants incorporate by reference their response to paragraph 62. Defendants otherwise deny the allegations in paragraph 69.

70.     Denied.

71.     Denied.

72.     Defendants aver that AFLCMC is responsible for developing, procuring, modernizing, and sustaining Air Force weapon systems. Defendants otherwise deny the allegations in paragraph 72.

73.     Admitted.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 86. Defendants otherwise deny the allegations in paragraph 86.

87.     Denied as to all allegations of "false reporting" and "false accusation" strategies.

88.     Denied as to all allegations of "falsely accusing personnel."

89.     Defendants aver that a meeting took place at Joint Base San Antonio-Lackland on or about August 13, 2020, with Plaintiff and various Air Force officials. Defendants otherwise deny the allegations in paragraph 89.

90.     Defendants aver that, in light of concerns that Plaintiff was potentially operating under a conflict of interest and/or engaged in procurement fraud, Major McVeigh asked questions to determine whether Plaintiff had a financial interest in the programs on which he was advising the Air Force. Defendants otherwise deny the allegations in paragraph 90.

91.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.     Denied.

101.     Denied.

102.     Denied.

103.     Denied.

104.    Defendants aver that Plaintiff was administratively debriefed from one or more Special Access Programs. Defendants otherwise deny the allegations in paragraph 104.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110.

111.    Denied.

112.    Denied.

113.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126.

127.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127.

128.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128.

129.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129.

130.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130.

131.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131.

132.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132.

133.    Denied as to all allegations that Plaintiff was debarred.

134.    Denied.

135.    Denied.

136.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136.

137.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137.

138.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138.

139.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139.

140.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140.

141.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141.

142.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142.

143.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143.

144.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144.

145.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145.

146.    Denied.

147.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147.

148.    Denied.

149.    Denied.

150.    The statements in paragraph 150 are opinions and characterizations of Plaintiff's claims, not statements of fact to which a response is required. To the extent an answer is required, Defendants deny any factual allegations.

151.    Denied.

152.    Denied.

153.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153.

154.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154.

155.    The statements in paragraph 155 are legal conclusions and characterizations of Plaintiff's claims, not statements of fact to which a response is required.

156.    The statements in paragraph 156 are legal conclusions and characterizations of Plaintiff's claims, not statements of fact to which a response is required.

157.    The statements in paragraph 157 are legal conclusions and characterizations of Plaintiff's claims, not statements of fact to which a response is required.

158.    The statements in paragraph 158 are legal conclusions and characterizations of Plaintiff's claims, not statements of fact to which a response is required.

159.    The statements in paragraph 159 are legal conclusions and characterizations of Plaintiff's claims, not statements of fact to which a response is required.

160.    Defendants incorporate by reference their responses to paragraphs 1–159.

161.    The statements in paragraph 161 are characterizations of Plaintiff's claims, not statements of fact to which a response is required.

162.    The statements in paragraph 162 are legal conclusions and characterizations of Plaintiff's claims, not statements of fact to which a response is required.

163.    The statements in paragraph 163 are legal conclusions, not statements of fact to which a response is required.

164.    The statements in paragraph 164 are legal conclusions and characterizations of Plaintiff's claims, not statements of fact to which a response is required.

165.    The statements in paragraph 165 are legal conclusions and characterizations of Plaintiff's claims, not statements of fact to which a response is required.

166.    The statements in paragraph 166 are legal conclusions and characterizations of Plaintiff's claims, not statements of fact to which a response is required.

167.    The statements in paragraph 167 are legal conclusions and characterizations of Plaintiff's claims, not statements of fact to which a response is required.

168.    Denied as to the allegation that Plaintiff was authorized to perform "contract work" for HNCO or support HNCO operations as a subcontractor.

169.    Denied.

170.    Denied as to all allegations that Plaintiff was debarred. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170.

171.    Denied as to all allegations that Plaintiff was debarred. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171.

172.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172.

173.    Denied as to all allegations that Plaintiff was debarred. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173.

174.    Denied as to all allegations that Plaintiff was debarred.

175.    Denied as to all allegations that Plaintiff was debarred.

176.    Denied as to all allegations of "false" "assertions." Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176.

177.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177.

178.    The statements in paragraph 178 are legal conclusions, not statements of fact to which a response is required.

179.    The statements in paragraph 179 are legal conclusions, not statements of fact to which a response is required.

180.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180.

181.    Denied.

182.    Denied.

183.    The statements in paragraph 183 are legal conclusions, not statements of fact to which a response is required.

184.    The statements in paragraph 184 are legal conclusions, not statements of fact to which a response is required.

185.    The statements in paragraph 185 are legal conclusions, not statements of fact to which a response is required.

186.    Denied.

187.    The statements in paragraph 187 are legal conclusions, not statements of fact to which a response is required.

188.    Denied.

189.    The statements in paragraph 189 are legal conclusions, not statements of fact to which a response is required.

190.    Denied.

191.    The statements in paragraph 191 are legal conclusions and characterizations of Plaintiff's claims, not statements of fact to which a response is required.

192.    The statements in paragraph 192 are legal conclusions and characterizations of Plaintiff's claims, not statements of fact to which a response is required.

193.    Defendants incorporate by reference their responses to paragraphs 1–192.

194.    The statements in paragraph 194 purport to quote the Privacy Act. Defendants refer the Court to the text of the statute for its accurate content and relevant context.

195.    The statements in paragraph 195 are legal conclusions, not statements of fact to which a response is required.

196.    The statements in paragraph 196 are legal conclusions, not statements of fact to which a response is required.

197.    The statements in paragraph 197 are legal conclusions, not statements of fact to which a response is required.

198.     The statements in paragraph 198 are legal conclusions, not statements of fact to which a response is required.

199.     The statements in paragraph 199 are legal conclusions, not statements of fact to which a response is required.

200.     The statements in paragraph 200 are legal conclusions, not statements of fact to which a response is required.

201.     The statements in paragraph 201 are legal conclusions, not statements of fact to which a response is required.

202.     The statements in paragraph 202 are legal conclusions, not statements of fact to which a response is required.

203.     The statements in paragraph 203 are legal conclusions, not statements of fact to which a response is required.

204.     Denied.

205.     Denied.

206.     Denied.

207.     Denied.

208.     Denied.

209.     Denied.

210.     Denied.

211.     Denied.

212.     Denied.

213.     Denied.

214.     Denied.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied.

219.    Denied.

220.    The statements in paragraph 220 are legal conclusions, not statements of fact to which a response is required.

221.    Denied.

222.    Denied as to all allegations of "Privacy Act violations." Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 222.

223.    Denied as to all allegations of "Privacy Act violations." Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 223.

224.    Denied.

225.    Denied.

226.    Defendants incorporate by reference their responses to paragraphs 1–225.

227.    The statements in paragraph 227 are legal conclusions, not statements of fact to which a response is required.

228.    The statements in paragraph 228 are legal conclusions, not statements of fact to which a response is required.

229.    The statements in paragraph 229 are legal conclusions, not statements of fact to which a response is required.

230.    The statements in paragraph 230 are legal conclusions, not statements of fact to which a response is required.

231.    The statements in paragraph 231 are legal conclusions, not statements of fact to which a response is required.

232.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 232.

233.    The statements in paragraph 233 are legal conclusions, not statements of fact to which a response is required.

234.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 234 regarding Dan Brown's alleged misdeeds. Defendants otherwise deny the allegations in paragraph 234.

235.    Denied.

236.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 236 regarding Dan Brown's alleged misdeeds. Defendants otherwise deny the allegations in paragraph 236.

237.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 237 regarding Dan Brown's alleged misdeeds. Defendants otherwise deny the allegations in paragraph 237.

238.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 238 regarding Dan Brown's alleged misdeeds. Defendants otherwise deny the allegations in paragraph 238.

239.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 239 regarding Dan Brown's alleged misdeeds. Defendants otherwise deny the allegations in paragraph 239.

240.    Denied as to all allegations of improper disclosure.

241.    Denied.

242.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 242 regarding Dan Brown's alleged misdeeds. Defendants otherwise deny the allegations in paragraph 242.

243.    Denied as to all allegations of "Privacy Act violations." Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 243.

244.    Denied as to all allegations of "Privacy Act violations." Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 244.

245.    Denied.

246.    Denied.

247.    Defendants incorporate by reference their responses to paragraphs 1–246.

248.    The statements in paragraph 248 are characterizations of Plaintiff's claims, not statements of fact to which a response is required.

249.    The statements in paragraph 249 are legal conclusions, not statements of fact to which a response is required.

250.    Denied.

251.    Denied.

252.    Denied.

253.    Denied.

254.    The statements in paragraph 254 are characterizations of Plaintiff's claims, not statements of fact to which a response is required.

255.    This paragraph contains Plaintiff's demand for a trial by jury, not statements of fact to which a response is required.

The final paragraph of the Second Amended Complaint contains Plaintiff's requested relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to relief.

Defendants deny all allegations not specifically admitted above.

## DEFENSES

1.    Plaintiff fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred by sovereign immunity.

3.    Plaintiff's Privacy Act claims fail because there was no unauthorized disclosure of any record pertaining to Plaintiff.

4.    Plaintiff's Privacy Act claims fail because there was no willful or intentional disclosure of any record pertaining to Plaintiff.

5.    Plaintiff's Privacy Act claims are barred by the exceptions to the statute's general prohibition against disclosure of covered information.

6.    Plaintiff's Administrative Procedure Act claim is barred because he has not been subject to agency action unlawfully withheld or unreasonably delayed or agency action that was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority,

or limitations, or short of statutory right; without observance of procedure required by law;

unsupported by substantial evidence; or unwarranted by the facts.

7.      Plaintiff's alleged injuries were proximately caused by his own acts or omissions.

8.      Plaintiff's alleged injuries were proximately caused by the acts or omissions of

independent third parties.

9.      Plaintiff's claim for equitable relief is barred by the doctrine of unclean hands.

10.     Plaintiff failed to reasonably mitigate his alleged damages.

Dated: April 23, 2024                Respectfully Submitted,

                                     BRIAN M. BOYNTON
                                     Principal Deputy Assistant Attorney

                                     C. SALVATORE D'ALESSIO, JR.
                                     Director, Torts Branch

                                     RICHARD MONTAGUE
                                     Senior Trial Counsel, Torts Branch

                                     */s/ Reginald M. Skinner*
                                     REGINALD M. SKINNER
                                     Senior Trial Attorney
                                     Virginia State Bar No. 48785
                                     United States Department of Justice
                                     Torts Branch, Civil Division
                                     P.O. Box 7146, Ben Franklin Station
                                     Washington, D.C. 20044
                                     Tel: (202) 616-3111
                                     Fax: (202) 616-4314
                                     Email: reginald.m.skinner@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 23, 2024, I filed the foregoing *Answer* and reasonably relied upon the same to be served on all counsel of record through the Court's CM/ECF system.

*/s/ Reginald M. Skinner*
REGINALD M. SKINNER
Senior Trial Attorney
Virginia State Bar. No. 48785
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-3111
Fax: (202) 616-4314
Email: reginald.m.skinner@usdoj.gov