IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DR. JOHN ROE, PH.D. | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 5:22-CV-00869-JKP-HJB |
| UNITED STATES OF AMERICA, et. al., | ) |
| Defendant(s) | ) |

**PLAINTIFF'S DISCLOSURE OF EXPERT WITNESSES**

COMES NOW, Plaintiff and provides this disclosure of expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2) and the Court's scheduling Order.

### I. Reservation of Right to Move for Re-Opening of Deadline

1. Plaintiff reserves his right to move the Court to Re-Open or otherwise extend the deadline for the Plaintiff to designate testifying expert witnesses. This reservation is based on the Plaintiff's inability to identify necessary witnesses, including expert witnesses, due to the sensitive nature of this Cause and the classified materials involved. Because nearly all the materials which are relevant to this Cause are classified materials, the Plaintiff does not – and has not been able to – possess the documents, records and materials relevant to this matter. As a result, the Plaintiff is nearly-completely reliant on the Government's production of materials.

2. The Plaintiff received the Government's Rule 26 Initial Disclosures on May 24, 2024. However, the Government did not produce records identified in the Disclosures until June 21, 2024. The Government withheld, and has not produced, "documents concerning inquiry conducted into Plaintiff's access to classified information while advising on AFLCMC/HNCO

Special Access Program", and "documents concerning the administrative debriefing of plaintiff from a Special Access Program." The documents that the Government did produce are largely irrelevant to this Cause, and therefore deny the Plaintiff the opportunity to identify and select key witnesses, including expert witnesses.

3. Further, while the Government has filed its Response and Objections to Plaintiff's first discovery requests, no production has yet to be made thereunder either.

4. Consequently, the Plaintiff reserves the right to move this Court to re-open or otherwise extend the deadline for the Plaintiff to designate expert witnesses once witnesses or their necessity are revealed in proper document production.

## II. Disclosure of Expert Witnesses

5. The Plaintiff designates the following witnesses to provide expert witness testimony pursuant to Federal Rule of Civil Procedure 26(a)(2):

(1) *Plaintiff, Dr. John Roe, PH.D*.
c/o Undersigned Counsel

(i)   The subject matter on which the witness is expected to testify:

Dr. Roe is an expert electrical engineer, mathematician, statistician/probability analyst, and an expert in artificial intelligence ("AI") and machine learning ("AI/ML"). He currently holds post-graduate degrees in Mechanical Engineering and Electrical Engineering, with a dual focus in both applied mathematics and probability theory. Dr. Roe's CV is provided as Ex. 1 to this Disclosure.

In addition to his testimony as a fact witness, Dr. Roe is expected to provide expert witness testimony within his fields of expertise and on three specific subjects relevant to this Cause: 1) AI/ML, including its background, purpose, applicability, and importance to national security; 2) AI/ML programs used and developed for use by the U.S. Air Force and the Department of Defense; and, 3) the current and anticipated value of his employment/services contract at issue in this Cause and the likelihood of the renewal of any such contract. A preliminary report is attached as Ex. 2 to this Disclosure with an exemplar of that data contained in Ex. 3.

(ii)   A summary of the facts and opinions to which the witness is expected to testify:

Dr. Roe will testify concerning the background of AI/ML and its applicability in strategic, operational and tactical national defense initiatives. He will explain the difference between systems which are electronically controlled by humans and systems which operate by artificial intelligence programming. Dr. Roe will describe the development of the AI/ML field in offensive cyber operations. Dr. Roe will describe the types of programs currently being developed in these fields, including the programs that he personally developed, and how those programs lead to the development of more advanced programs. Dr. Roe will provide expert testimony that AI/ML programs are critical to current and future national defense.

Dr. Roe will provide the details of his involvement in AI/ML programs and the role that he anticipated in the future. He will explain why his contract-based employment was nearly certain to be renewed, and the revenue that he lost as the result of the unlawful debarment. Dr. Roe will apply his education, training and experience in applied mathematics, statistical analysis and probability theory to calculate his lost income/revenue. Dr. Roe's opinion is that he has suffered damages in the range between 5 million for the loss of just the last contract, as well as forecasted damages of approximately $28.5 Million dollars per year.

### III. Cross-Designation of Expert Witnesses

6. The Government has only provided a limited set of witnesses and records in this Cause, and further limited the information available to the Plaintiff by directing that all communication with the disclosed witness be scheduled through the Government's attorneys. Notably, the Government has only provided a pseudonym for one of its witnesses (A.R.), further depriving the Plaintiff of the opportunity to review information available to the Government.

7. With such limited access to the names and information provided by the Government's Disclosures, the Plaintiff must rely on the Government's Disclosure to date, and therefore cross-designates as expert witnesses, the expert witnesses designated by the Government.

Dated this 12th day of August, 2024.

(Intentionally Left Blank)

Respectfully submitted,

                                    **HENDLEY & HODGES LAW PLLC**
                                    4594 US Hwy 281 North
                                    Spring Branch, Texas 78070
                                    Tel:   (210) 714-0924
                                    Fax:  (210) 640-3398

By:      /s/ *John W. Hodges, Jr.*
            John W. Hodges Jr.
            TX Bar No. 24090167
            Email: john@hhtx.law

            **ALLEN, VELLONE, WOLF,**
            **HELFRICH & FACTOR, P.C.**
            1600 Stout Street, Suite 1900
            Denver, Colorado 80202
            Tel:   (702) 245-2440

By:      /s/ *Jason R. Wareham*
            Jason R. Wareham
            CO. State Bar No. 5697
            *Pro Hac Vice* Pending
            Litigation@thelawcenterpc.com

            **ATTORNEYS FOR PLAINTIFF**