UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DR. JOHN ROE,<br><br>   *Plaintiff*,<br><br>v.<br><br>UNITED STATES, *et al.*,<br><br>   *Defendants*. | No. 5:22-cv-00869-JKP-HJB |

### DEFENDANTS' OPPOSED MOTION TO IDENTIFY PLAINTIFF BY HIS REAL NAME ON THE PUBLIC DOCKET AND AT TRIAL

Defendants seek permission from the Court to no longer identify Plaintiff by his pseudonym, Dr. John Roe, on the public docket and to instead use his real name in future filings and at trial.  Roe never moved for leave to proceed under a pseudonym, and the Court unsealed the case on February 22, 2023.  The claims alleged in this case—de facto debarment, infringement of occupational liberty interests, and Privacy Act violations—do not warrant anonymity.  Yet Roe has continued to use the "Dr. John Roe" pseudonym throughout pretrial proceedings without explanation or permission.  The proper course here, as in federal litigation generally, is to use Roe's real name on the public docket and at trial.  A proposed order is attached for the Court's consideration.

### RELEVANT BACKGROUND

On August 10, 2022, Roe filed a motion for leave to file to file the case under seal.  Mot. to Seal, ECF No. 1.  Nowhere in that motion did he request to proceed under a pseudonym.  *Id.*  The Court granted the motion in part, allowing Roe's Complaint to be sealed until 60 days after service on the United States.  *See* Aug. 15, 2022 Min. Or.  On February 10, 2023, Defendants

moved to unseal the case.  On February 22, 2023, the Court granted the motion in part, ordering all case documents to be unsealed, with the exception of Docket Entries 1 and 2.  For these two documents, the Court permitted Roe time to submit redacted copies and advised if no redacted versions were submitted, then the entries would be unsealed.  Feb. 22, 2023, Min. Or.  Roe later filed a notice stating that no redacted copies were necessary.  *See* Notice (Mar. 17, 2023), ECF No. 27.  After the Court's February 22 ruling, Roe filed a response to Defendants' motion asking the Court to order "that neither party shall file any matter unsealed that would reasonably identify Plaintiff outside the monicker, Dr. John Roe."  Pl. Resp. ¶ 8 (Feb. 23, 2023), ECF No. 24.  Perhaps because Roe never filed a motion requesting this relief, the Court never ruled on the issue.  *Cf.* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion.").  Trial is scheduled for September 8, 2025.  Am. Bench Trial Sched. Or. ¶ 4 (May 12, 2025), ECF No. 99.

## LEGAL STANDARD

A plaintiff in a civil action may proceed under pseudonym only under exceptional circumstances.  *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).  Otherwise a plaintiff typically must disclose their name in the complaint.  Fed. R. Civ. P. 10(a) (title of the complaint must name all parties); Fed. R. Civ. P. 17(a) ("[an] action must be prosecuted in the name of the real party in interest").  This rule reflects the "clear and strong First Amendment interest in ensuring that '[w]hat transpires in the courtroom is public property.'"  *Stegall*, 653 F.2d at 185 (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947)).  Only in unusual cases will "the almost universal practice of disclosure . . . give way . . . to the privacy interests at stake," *id.*, but the decision is left to the discretion of the district court.  *Id.* at 184.

Litigating under pseudonyms "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded

2

presumption of openness in judicial proceedings." *Stegall*, 653 F.2d at 186. The Fifth Circuit has identified three factors "common to those exceptional cases in which the need for party anonymity overwhelms the presumption of disclosure:" (1) plaintiffs are "suing to challenge governmental activity; (2) prosecution of the suit compels plaintiffs to disclose information 'of the utmost intimacy;' and (3) plaintiffs [are] compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 185 (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynn & Jaffe*, 599 F.2d 707 (5th Cir. 1979)). But the Fifth Circuit has "no hard and fast formula for ascertaining whether a party may sue anonymously." *Id.*

## ARGUMENT

Roe has four claims—two alleging that there was a de facto debarment and infringement of his occupational liberty interests (Counts I and IV) and two alleging unlawful disclosures of his information in an Air Force inquiry under the Privacy Act (Counts II and III). Although Roe challenges the actions of Air Force officials, "in only a very few cases challenging governmental activity can anonymity be justified." *Stegall*, 653 F.2d at 186. This case is not one of them. Because Roe never filed the required motion requesting to proceed under pseudonym, his reasons for doing so are not apparent. *Cf. Roe v. Lowery*, No. 3:23-CV-01279, 2024 WL 5278884 (W.D. La. Dec. 18, 2024) (collecting cases within the Fifth Circuit where formal motion required to proceed under pseudonym). But as explained below, vague concerns for personal safety and the potential for reputational harm do not warrant proceeding under pseudonym in this case.

If Roe is concerned about his safety because of this lawsuit, he has not provided a factual basis for that concern. In a prior filing, he contended that his "operational history within the

[Intelligence Community] undoubtedly makes him a target of the nation's adversaries and disclosure of this case to the public would likely adversely impact his safety as well as the safety of the other *named* Defendants and witnesses." Pl.'s Mot. to Seal ¶ 8, ECF No. 1 (emphasis added). Notably, this stated concern for the safety of defendants or witnesses did not prevent Roe from identifying them in future filings on the public docket. *See, e.g.*, 2d. Am. Compl. That undercuts Roe's asserted safety concerns. And Roe's conclusory concern for his own safety is the exact type of statement that other courts in this District have rejected. *See DL v. JS*, 2023 WL 8102409, at *1–2 (W.D. Tex. Nov. 21, 2023) (conclusory statement that plaintiff feared "discrimination, harassment, and violence" insufficient to proceed anonymously); *Latinos for Trump v. Sessions*, No. 6:21-cv-00043, 2021 WL 4302535, at *3 n.1 (W.D. Tex. Aug. 20, 2021), *report and recommendation adopted*, 2021 WL 4302536 (W.D. Tex. Sept. 21, 2021) (Plaintiffs needed "further evidence of a credible threat beyond [a] conclusory allegation" of concern for personal safety to proceed anonymously). Moreover, Roe currently holds a high-level political appointment with the Office of the Director of National Intelligence and is identified by name and image on their website. Any conceivable threat to Roe's safety because of this lawsuit is unsubstantiated.

Any concerns about reputational harm or future employment opportunities also do not warrant permitting Roe to continue under a pseudonym. Conclusory allegations that a lawsuit "poses a potential threat to Plaintiff's reputation and future employment opportunities" are insufficient to warrant proceeding under a pseudonym *Fields v. City of Sherman, Texas*, No. 4:18-CV-00821, 2018 WL 11339879, at *2–3 (E.D. Tex. Nov. 28, 2018). And "the fact that a party may suffer some humiliation or personal embarrassment" from airing his grievance in court "standing alone, is insufficient to justify the use of a pseudonym." *Latinos for Trump*, No. 2021

WL 4302535, at *3 n.1 (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). As in the vast majority of civil cases litigated in the federal courts, if Roe wishes to pursue damages against Defendants, "he must be willing to do so publicly." *DL v. JS*, 2023 WL 8102409, at *3 (citing *Doe v. Doe*, 649 F. Supp. 3d 136, 141 (E.D.N.C.) ("It would be fundamentally unfair for plaintiff to be able to 'clear his name' and wield a potential judgement against [defendant] to his advantage but hide under a shield of anonymity if unsuccessful."), *aff'd*, 85 F.4th 206 (4th Cir. 2023).

## CONCLUSION

For these reasons, the Court should grant this motion and order that the parties refer to the plaintiff by his real name in future filings and at trial.

Dated: June 10, 2025                    Respectfully Submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

C. SALVATORE D'ALESSIO, JR.
Director, Torts Branch

RICHARD MONTAGUE
Senior Trial Counsel, Torts Branch

*/s/ Katrina M. Seeman*
KATRINA M. SEEMAN
D.C. Bar No. 1671729
Trial Attorney
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
(202) 616-0674
katrina.m.seeman@usdoj.gov

**W.D. Tex. Civ. R. 7(g) CERTIFICATE OF CONFERENCE**

I certify that, on June 9 and 10, 2025, counsel for the parties conferred over email and phone, and Plaintiff opposes the relief requested in this motion.

*/s/ Katrina M. Seeman*
KATRINA M. SEEMAN