## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| DR. JOHN ROE<br>          *Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA, *et.*<br>*al.,*<br><br>          *Defendant.* | CIVIL ACTION NO.<br>5:22-CV-00869-JKP-HJB |

## RESPONSE TO THE DEFENDANTS' MOTION
## TO IDENTIFY THE PLAINTIFF BY HIS REAL NAME

Plaintiff Dr. John Roe, by and through undersigned counsel, respectfully submits this response to Defendants' Opposed Motion to Identify Plaintiff by his Real Name on the Public Docket at Trial, ECF 104.

### Background

On the first page of the Plaintiff's Original Complaint, the Plaintiff stated

> Given Dr. Roe's past and present work in highly sensitive and classified areas of national security, ***Plaintiff seeks leave to file and proceed under the anonymous pseudonym 'Dr. Roe'*** to preserve the greatest degree the national security interests described herein. ***Contemporaneous to this filing, Plaintiff files a Motion for Leave to file under seal a motion addressing this request*** and detailing the Plaintiff's identity and the basis therefor.

Pl.'s Orig. Compl., n. 1 (Aug. 10, 2022), ECF 2 (emphasis added).

Consistent with the representation in the Complaint's first footnote, on the same day the Complaint was filed, the Plaintiff filed his Motion to File Sealed

Complaint and Seal the Case, which addresses the basis for sealing and proceeding anonymously. Mot. to File Sealed Compl. & Seal the Case ("Motion to Seal") (Aug. 10, 2022), ECF 1. The Motion to Seal informed the Court that the Plaintiff is the developer of a "highly-classified artificial intelligence/machine learning software and algorithms for advanced cyber warfare." Motion to Seal, ¶ 2. The Motion to Seal also stated that given the Plaintiff's operational history and role in the intelligence community, including his leading role in developing some of the nation's most advanced cyber warfare technologies, he is certain that he is "undoubtedly … a target of our nation's adversaries." Motion to Seal, ¶ 6. As a result, disclosing his name "would likely adversely impact his safety."[1]

On February 10, 2023, the Defendants moved to unseal the case.[2] Mot. to Unseal Case (Feb. 10, 0223), ECF 21. The parties conferred before and after the Motion to Unseal was filed, including on at least February 7 and 21, 2023. On February 21, 2023, following a telephone conference, Jason Wareham, as counsel for the Plaintiff, emailed counsel for the Defendants and reiterated their agreement reached on the phone, stating "we have no objection to unsealing, so long as we can

---

[1]. If the Court needs additional proof, the Plaintiff requests that this occur in a classified in-camera environment.

[2] The Defendants perplexingly argue that the Plaintiff's use of the names of the individual defendants in court filings after the case was unsealed undercuts the Plaintiff's concerns for his personal safety. The Plaintiff thought everything should be sealed and protected in this case for everyone's safety, but the Department of Justice lawyers thought differently and moved to unseal the case, which is their prerogative, but their actions in this regard certainly should not be attributed to the Plaintiff.

proceed anonymously." Attorney Wareham would have objected to the unsealing of the case if the Defendants had not agreed to let the Plaintiff remain anonymous.

The minute order entered on February 22, 2023, by Magistrate Judge Henry J. Bemporad unsealed the case but did not address the Plaintiff proceeding under a pseudonym, yet all parties have proceeded for the past few years as if the Plaintiff had the need to proceed anonymously as stated in the Original Complaint and Motion to Seal from the outset of the case.

The Plaintiff's leading role in developing some of the nation's most advanced cyber warfare technologies continues to make him a top target for hostile nations. The fact that the United States and one of those nations have exchanged missiles, rockets, and bombs with each other only highlights the personal risks for one of our nation's leading developers of warfare technologies.

### Legal Authority

> The crucial interests served by open judicial proceedings are not compromised by allowing a party to proceed anonymously. If a plaintiff is granted leave to proceed using a fictitious name, the public is not denied its right to attend the proceedings or inspect the orders or opinions of the court on the underlying constitutional issue.

*Doe v. Pittsylvania Cnty., Va.*, 844 F. Supp. 2d 724, 728 (W.D. Va. 2012) (citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A 1981)).

While a panel of the Fifth Circuit "identified factors presented in cases permitting party anonymity" in the context of cases like those involving protected

3

class discrimination,[3] the more general five-factor test from the Fourth Circuit is more applicable here. In *James v. Jacobson*, the Fourth Circuit "outlined five [nonexhaustive] factors to be considered by courts grappling with anonymity requests." *Pittsylvania County*, 844 F. Supp. 2d at 728 (citing *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir.1993)).

Those five *James* factors include:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Pittsylvania County*, 844 F. Supp. 2d at 728.

Finally, in the Fourth Circuit, and presumably in the Fifth Circuit as well, "Party anonymity is a discretionary determination made by the trial court. *Pittsylvania County*, 844 F. Supp. 2d at 728 (citing *James*, 6 F.3d at 242).

## Argument

To take the James factors in turn, the first factor weighs in favor of the Plaintiff's anonymity. Here, the basis is the protection of highly sensitive information, and not merely to avoid annoyance and criticism. The Defendants cannot dispute that this case contains highly sensitive information. Their own

---

[3] *Stegall* at 185 (citing *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)).

privilege log, which was just produced thirty-three days ago, contains thirty-two pages of purportedly privileged and protected documents.[4] Multiple pages of this log contain documents that the Defendants are withholding under the state secrets privilege, and several other pages of documents that the Defendants are withholding under the National Security Agency Act of 1959. Much of the deposition testimony taken in the case has supported the Plaintiff's versions of events, and would open him up to vindication more than criticism. So, the last reason the Plaintiff wants to keep this case anonymous is avoiding annoyance or criticism. If he did not fear for his safety, given his leading role in developing highly sensitive warfare technologies, he would insist that his name be on the case.

The second *James* factor also weighs in favor of the Plaintiff's anonymity. In fact, it is the central reason he needs to use a pseudonym. His identification poses a risk of retaliatory physical harm from hostile nations or terrorist threat actors, against whom the Plaintiff's warfare technologies are being used.

The third factor is not relevant, the Plaintiff is not a juvenile in need of additional protection, but the threats from hostile nations are no less against an adult.

The fourth *James* factor also weighs in favor of the Plaintiff's anonymity, because the action is against governmental parties. *Pittsylvania County*, 844 F.

---

[4] Reference to the Defendants' privilege log in this brief is not a concession that any of the Defendants' claims of privilege or other protection are proper. The Plaintiff is still going through the hundreds of items on the list to determine what he plans to compel.

Supp. 2d at 730 ("Actions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm.") While there are individual defendants, they are all sued in their official government capacities.

Finally, the fifth factor is related to the fourth factor and weighs in favor of the Plaintiff's anonymity. The government defendants will not be harmed by the Plaintiff proceeding anonymously. The case has proceeded for years with the Plaintiff's name being anonymized, and there has been no indication of any detriment to the government defendants. The government benefits if the Plaintiff remains safe and able to continue serving the country and developing some of the nation's most advanced cyber warfare technologies. As the District Court in *Pittsylvania County* stated, not even the general public is harmed by the Plaintiff proceeding anonymously, given that "the public is not denied its right to attend the proceedings or inspect the orders or opinions of the court." 844 F. Supp. 2d at 728.

In addition to meeting all of the factors set forth in *James v. Jacobson*, the Plaintiff had an agreement with the Defendants whereby the full case would be unsealed for the benefit of the public if the Plaintiff's name could remain under a pseudonym. Now that the Defendants are represented by different counsel from the Department of Justice, they are going back on that agreement, which is the only reason the Plaintiff did not file an objection to the Motion to Unseal the Case. This makes it especially unfair to the Plaintiff, to expose his life to unnecessary risk

following years of proceeding under an agreement to protect him, especially when there has been no change in circumstances regarding his need for such protection.

WHEREFORE, Plaintiff Dr. John Roe respectfully requests that this Court deny Defendants' Motion to Identify Plaintiff by his Real Name on the Public Docket at Trial.

DATED this 24th day of June 2025.

Respectfully submitted,

**HENDLEY & HODGES LAW PLLC**
4594 US Hwy 281 N
Spring Branch, Texas 78070
Tel: (210) 714-0924
Fax: (210) 640-3398

By:    */s/ John W. Hodges Jr.*
John W. Hodges Jr.
TX Bar No. 24090167
Email: john@hhtx.law

-AND-

**ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.**
1600 Stout Street, Suite 1900
Denver, Colorado 80202
Tel:(303) 534-4499

By:    */s/ Jason R. Wareham*
Jason R. Wareham, *Pro Hac Vice*
Colorado Bar No. 56974
jwareham@allen-vellone.com
Lance Henry, *Pro Hac Vice*
Colorado Bar No. 50864
LHenry@allen-vellone.com

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing instrument has been served to all attorneys of record in accordance with the Federal Rules of Civil Procedure, on this 24th day of June 2025.

Joseph A. Gonzalez,
joseph.a.gonzalez@usdoj.gov

Robert D. Green,
Robert.Green3@usdoj.gov

Katrina Seeman,
katrina.m.seeman@usdoj.gov

*/s/ Rebecca H. Bradshaw*
ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.
1600 Stout Street, Suite 1900
Denver, Colorado 80202
(303) 534-4499 | Main
JWAREHAM@ALLEN-VELLONE.COM

8