UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DR. JOHN ROE,<br><br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES, *et al.*,<br><br>    *Defendants*. | No. 5:22-cv-00869-JKP-HJB |

## REPLY IN SUPPORT OF DEFENDANTS' OPPOSED MOTION TO IDENTIFY PLAINTIFF BY HIS REAL NAME ON THE PUBLIC DOCKET AND AT TRIAL

In his opposition, Plaintiff "Dr. John Roe" erroneously claims the parties came to an agreement that purportedly absolves his failure to affirmatively seek leave to proceed under pseudonym. Opp'n at 2–3, ECF No. 108. Roe also argues that factors including that the case involves "highly sensitive information," non-descript threats to his safety, and the government as a party weigh in favor of anonymity. But his superficial balancing of these factors does not overcome the strong presumption of openness in judicial proceedings. As explained below, Roe's arguments are unavailing, and the Court should grant Defendants' motion to identify Plaintiff by his real name on the public docket and at trial.

### ARGUMENT

Roe ultimately bears the responsibility to move for leave to proceed under pseudonym. Mot. at 3, ECF No. 104 (citing *Roe v. Lowery*, No. 3:23-CV-01279, 2024 WL 5278884 (W.D. La. Dec. 18, 2024) (collecting cases within the Fifth Circuit where formal motion required to proceed under pseudonym). He still has not done so. Instead, Roe points to his first complaint where, in a pleading—not a motion—he mentioned the desire to proceed under pseudonym "to

preserve the greatest degree the national security interests described" in the filing. Opp'n at 1. His motion to seal failed to ever request to proceed by pseudonym though, so this issue is properly before the Court now. Mot. to Seal, ECF No. 1; Pl. Resp. ¶ 4 (Feb. 23, 2023), ECF No. 24 (referencing an "Anonymity Motion" that was never filed).

Further, the parties *never* came to any stipulation about Roe's use of a pseudonym in this case. The referenced email does not reflect any agreement between the parties. Ex. 1, Email from J. Wareham to R. Skinner (Feb. 21, 2023). Defendants have never agreed or stipulated to Roe's use of pseudonym in the Motion to Unseal or any other filing; nor have they ever made that representation to the Court. Defs.' Mot to Unseal, ECF No. 21. Roe also did not raise this so-called "agreement" with undersigned counsel when she emailed twice and called to determine Plaintiff's position on the instant motion. *See* Local Rule CV 7(g). The conferral process exists so that parties can discuss disagreements such as this and, at a minimum, isolate areas of disagreement. But even if the parties agree on the use of a pseudonym, proceeding anonymously is not something the parties can simply agree to without the Court's approval. Even if the opposing party does not object to the requested relief, there remains a "judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

Moreover, the parties have also continuously referred to Roe by his real name in discovery, including in depositions, but just not on the docket. Indeed, Roe filed several documents on June 20, 2025 that readily identify his name and other personally identifiable information. CV, ECF No. 107-2 (companies sharing Plaintiff's name, email address, websites, and private contact information); Expert Report, ECF No. 107-3 (name and signature); Expert Dep. Transcript, ECF No. 107-5 (name); Brown Dep. Tr., ECF No. 107-6 (name); Burghard

Dep. Transcript, ECF No. 107-7 (name).  Roe has not sought to seal or refile these exhibits as of the date of this filing.  And at this point in the case, where the record is established, the Court should evaluate the use of pseudonym before trial.  *E.g.*, *Doe (S.A.T.) v. ESA P Portfolio TXNC Props. L.P.*, No. 2025 WL 1356519 (W.D. Tex. Mar. 13, 2025) (resolving only the issue of proceeding anonymously in pretrial proceedings, deferring on pseudonym at trial).

Substantively, Roe asks the Court to apply a "more general five-factor test" from the Fourth Circuit.  Opp'n at 4.  But the Fifth Circuit has outlined its own factors that courts should consider in these circumstances Those factors control the analysis, and this remains the case even if the Fourth Circuit's factors share similarities.  *See Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023); *James*, 6 F.3d at 238–39 (citing *Doe v. A Corp.*, 709 F.2d 1043, 1044 n.1 (5th Cir. 1983); *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir.1981); *S. Methodist Univ. Ass'n. v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir.1979)).  In any event, Roe's superficial analysis of the factors does not weigh in favor of anonymity.

First, Roe contends that he should remain anonymous because the case involves "highly sensitive information."  Opp'n at 4.  In support of his argument, Roe references Defendants' privilege log which appropriately identifies responsive documents that were redacted or withheld in discovery and the basis for doing so.  But Defendants' privilege log is wholly irrelevant to whether the Court should permit Roe to proceed under a pseudonym.  The substance of the CyberAI programs that Roe worked on at HNCO has no bearing on any party's claims or defenses because Roe's claims for alleged violations of the Privacy Act and Fifth Amendment do not implicate the underlying technology.  The "highly sensitive information" in this case does *not* include Plaintiff's name, and thus, this factor does not weigh in favor of anonymity in this case.

Second, on the issue of safety, Roe asserts that if he were identified in this case, he risks "retaliatory physical harm from hostile nations or terrorist threat actors" and alludes to recent military strikes targeting Iranian nuclear facilities. Opp'n at 3, 5. But Roe cannot explain—nor does he attempt to—how he faces any risks because of *this* case. And Roe's own CV identifies several instances where he has publicly presented on several CyberAI topics, and his name and information about the type of work he does are widely available online. CV at 8, ECF No. 107-2. Roe also ignores Defendants' argument that he is publicly identified as a high-level political appointee on an official government website by both his name and a photograph. This public-facing position, if anything, counsels against anonymity, especially given the fact Roe has identified official capacity Defendants by name in public filings. These parties, like Roe, work in national defense and on the same kind of CyberAI projects as Roe. Because Roe still fails to identify a concrete threat to his safety, this factor also does not weigh in favor of anonymity. *See* Mot. at 4.

Next, Roe argues that anonymity is warranted because he has sued governmental parties. Opp'n at 5. Defendants addressed this factor in their motion, citing *Steagall*, which plainly stated "in only a very few cases challenging governmental activity can anonymity be justified." Mot. at 3 (quoting *Steagall*, 653 F.2d at 186). The case Roe relies on for this argument, *Doe v. Pittsylvania Cnty., VA*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012), also does not support his position. *See* Opp'n at 5. In *Pittsylvania Cnty., VA*, the court ultimately determined that the government as a party is a "neutral" factor because "[t]he simple fact that [a] plaintiff sues a governmental entity does not give the court more reason to grant [his] request for anonymity." 844 F. Supp. 2d at 730. The court also noted that giving this factor dispositive weight would "would lead, inappropriately, to granting anonymity to any plaintiff suing the

4

government[.]" *Id.* (citation omitted).  At least one court in this district agrees that this is a neutral factor, noting that *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir.1979) "does not stand for the proposition that there is more reason to grant a plaintiff's request for anonymity if the plaintiff is suing the government." (citation and internal quotation marks omitted).  *Doe v. El Paso Cnty. Hosp. Dist.*, No. EP-13-cv-00406, 2015 WL 1507840, at *3 (W.D. Tex. Apr. 1, 2015).  Roe also recognizes that he sues individuals in their official capacity—because his individual capacity claims were dismissed—but his pleadings still impugn the reputation of these employees. *See, e.g.*, Second Amended Compl. ¶¶ 84–94 (describing actions of Colonel Ekholm, Joseph Daniel Burghard, and now-Major McVeigh as a collective plan to "destroy" Roe).  So, if anything, these Defendants still have valid concerns about their reputations which weighs against allowing anonymity.  *El Paso Cnty. Hosp. Dist.*, 2015 WL 1507840, at *3.  *See also Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267 (E.D. Tex. 2007).  Accordingly, this factor also fails to support Roe's anonymity.

## CONCLUSION

For these reasons and those set forth in Defendants' moving brief, the Court should grant this motion and order that the parties refer to the plaintiff by his real name in future filings and at trial.

Dated: July 1, 2025                              Respectfully Submitted,

                                                                BRETT A. SHUMATE
Assistant Attorney General
Civil Division

C. SALVATORE D'ALESSIO, JR.
Director, Torts Branch

REGINALD M. SKINNER
Senior Trial Attorney

*/s/ Katrina M. Seeman*
KATRINA M. SEEMAN
D.C. Bar No. 1671729
Trial Attorney
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
(202) 616-0674
katrina.m.seeman@usdoj.gov
*Counsel for Defendants*
