UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DR. PAUL ROYSDON, | § § | |
| Plaintiff, | § § | |
| v. | § § | SA-22-CV-869-JKP (HJB) |
| UNITED STATES OF AMERICA, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants' Opposed Motion to Exclude Plaintiff's Expert Testimony. (Docket Entry 103.) Pretrial and scheduling matters in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). (*See* Docket Entry 3.)

The Court held a hearing on the above motion on August 6, 2025. In accordance with the Court's ruling at the hearing, Defendant's Opposed Motion to Exclude Plaintiff's Expert Testimony (Docket Entry 103) is **GRANTED IN PART, DENIED IN PART,** and **DENIED WITHOUT PREJUDICE IN PART**, as follows:

1) With respect to Plaintiff's proposed expert opinion testimony regarding (a) artificial intelligence ("AI") and machine learning ("ML"), including its background, purpose, applicability, and importance to national security, and (b) AI/ML programs used and developed for use by the U.S. Air Force and the Department of Defense (*see* Docket Entry 87, at 2), the motion is **DENIED WITHOUT PREJUDICE** to the Court's consideration of Defendants' relevance objections at trial.

2) With respect to Plaintiff's proposed expert opinion testimony regarding the current and anticipated value of his employment or contracts for services at issue in this case, and

the likelihood of such contracts being awarded or renewed (*see* Docket Entry 87, at 2–3), the motion is **GRANTED IN PART**, and **DENIED IN PART**, as follows:

a) The motion is **DENIED** with respect to Plaintiff's proposed testimony concerning the selection of appropriate AI/ML contracts for suitable comparison and the value of such contracts,[1] subject to the District Court's determination, as the trier of fact, of the weight to be attributed to such testimony at the time of trial.

b) The motion is **GRANTED** with respect to Plaintiff's proposed methodology for determining (i) the average values of the contracts discussed in Paragraph (2)(a); (ii) the average values of the contracts per company over a five-year period; and (iii) the likelihood that Plaintiff would have succeeded in securing such contracts.  As to these matters, Plaintiff has failed to show by a preponderance of the evidence either that his proposed opinion testimony is the product of reliable principles and methods, *see* FED. R. EVID. 702(c), or that the proposed opinion testimony reflects a reliable application of the principles and methods to the facts of the case, *see* FED. R. EVID. 702(d).

It is so **ORDERED**

**SIGNED** on August 6, 2025.

Henry J. Bemporad
United States Magistrate Judge

---

[1] *See* Docket Entry 103, at 6 (setting out Defendants' summary of Dr. Roysdon's opinion testimony).