I. UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DR. PAUL ROYSDON,**

   *Plaintiff*,                                              Case No. 5:22-CV-00869-JKP

v.

**UNITED STATES OF AMERICA, et al.,**

   *Defendants.*

## MOTION FOR LEAVE TO FILE DECLARATION AND PRESENT EVIDENCE AT HEARING

Plaintiff Dr. Paul Roysdon, by and through his counsel of record, Jason R. Wareham of Allen Vellone Wolf Helfrich & Factor P.C., respectfully moves the Court for leave to file a Declaration responding to the issues identified in the Court's Order dated August 15, 2025, and to present that evidence during the August 21, 2025 hearing. In support, Plaintiff states as follows:

### Certificate of Conferral Pursuant to Local Rule CV-7(g)

Undersigned counsel certifies that counsel for the parties have conferred in a good-faith attempt to resolve that matter by agreement. Counsel for Defendants indicated their opposition to the relief requested herein on the grounds that they were unaware of any provision to allow testimony or evidence in opposition to a Motion for Summary Judgment. Plaintiff disagrees and addresses that position below.

### I. INTRODUCTION AND BACKGROUND

1. On August 15, 2025, the Court issued its Order Setting Hearing ("Order").

2. This Court's Order set a video hearing for August 21, 2025, to address issues arising from Plaintiff's request for relief under Federal Rule of Civil Procedure 56(d) and identified four specific topics for discussion.

3. In response, Plaintiff has prepared a Declaration addressing these topics in good faith and with the intent to assist the Court in resolving the pending Motion for Summary Judgment.

## II.    BASIS FOR RELIEF REQUESTED

4. Under Federal Rule of Civil Procedure 56(d), if a nonmovant shows by affidavit or declaration that it cannot present facts essential to justify its opposition to a Motion for Summary Judgment, the court may defer considering the motion, allow time to obtain evidence, or issue any other appropriate order. *See* Fed. R. Civ. P. 56(d).

5. Courts within the Fifth Circuit retain discretion to allow supplemental evidence or testimony to clarify the record in summary judgment proceedings, so long as that evidence is sufficiently specific or material such that it may affect a summary judgment ruling. *See Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 423 (5th Cir. 2016); *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994).

6. District Courts in the Fifth Circuit have also held that, in addition to the pleadings, the Court shall consider sworn testimony in response to a Motion for Summary Judgment. *See Dupuis v. Caskey, No. CIVA 4:08CV63-LRA, 2009 WL 3156527, at *1 (S.D. Miss. Sept. 28, 2009); Cunningham v. Lewis*, No. 3:12CV443-LRA, 2014 WL 1276520, at *1 (S.D. Miss. Mar. 27, 2014).

7. Additionally, District Courts have broad discretion to manage all discovery matters, which Plaintiff argues should apply to hearings on summary judgment matters,

including permitting testimony or declarations, where doing so will clarify factual issues or aid in determining whether Rule 56(d) relief is warranted. *See St. Bernard Par. v. Lafarge N. Am.*, 550 F. App'x 184, 188 (5th Cir. 2013); *Kelly v. Syria Shell Petroleum Dev., B.V.,* 213 F.3d 841, 855 (5th Cir. 2000).

8. The Court's Order directs the parties to be prepared to discuss factual issues related to timeliness, relevance of requested discovery, mootness of certain claims, and the status of settlement negotiations. These issues are adverse to Plaintiff's opposition to Defendants' Motion for Summary Judgment. As such, Plaintiff respectfully requests that he be able to respond via presentation of evidence and/or testify. These are issues directly addressed in the proposed Declaration, which is attached hereto as Exhibit 1.

### III.    GOOD CAUSE FOR TIMING OF THIS MOTION

9. Plaintiff brings this Motion as expeditiously as possible under the circumstances.

10. Plaintiff received Defendants Reply in support of summary judgment on Friday, August 15, 2025, which prompted the Court's issuance of its Order on that same date.

11. Plaintiff's counsel initiated efforts to confer with defense counsel regarding the issues addressed in this Motion approximately two weeks ago. However, on information and belief, Defendants' lead defense counsel was out of the country, and the meet and confer could not occur until Monday, August 18, 2025.

12. Immediately following that conference, Plaintiff's counsel worked diligently to prepare this Motion and the supporting Declaration.

13. Accordingly, this Motion is timely and reflects a good faith effort to comply with the Court's directives without delay.

## IV.    CONCLUSION

Plaintiff respectfully requests that the Court grant this Motion for Leave to File his Declaration and to present the contents of that Declaration as evidence at the August 21, 2025 hearing.

Dated this 20th day of August 2025.

                Respectfully submitted,

**Hendley & Hodges Law PLLC**
4594 US Hwy 281 N
Spring Branch, Texas 78070
Tel: (210) 714-0924
Fax: (210) 640-3398

By:    */s/ John W. Hodges Jr.*
John W. Hodges Jr.
TX Bar No. 24090167
Email: john@hhtx.law

-and-

**Allen Vellone Wolf Helfrich & Factor P.C.**
1600 Stout Street, Suite 1900
Denver, Colorado 80202
Tel:(303) 534-4499

By:    */s/ Jason R. Wareham*
Jason R. Wareham
Colorado Bar No. 56974
*Pro Hac Vice*
jwareham@allen-vellone.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument has been served to all attorneys of record in accordance with the Federal Rules of Civil Procedure, on this 20th day of August 2025.

Joseph A. Gonzalez, joseph.a.gonzalez@usdoj.gov

Robert D. Green, Robert.Green3@usdoj.gov

Katrina Seeman, katrina.m.seeman@usdoj.gov

*/s/ Rebecca H. Bradshaw*
Allen Vellone Wolf Helfrich & Factor P.C.
1600 Stout Street, Suite 1900
Denver, Colorado 80202
(303) 534-4499 | Main