UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DR. PAUL ROYSDON,

    *Plaintiff*,

v.                                                                                           CASE NO. 5:22-CV-00869-JKP

UNITED STATES OF AMERICA,
FRANK KENDALLIII, LT. GEN.
KEVIN KENNEDY, (USAF); LT. GEN.
SHAUN Q. MORRIS, (USAF); JOSEPH
DANIEL BURGHARD, (USAF);
ALLEN C. RABAYDA, (USAF); LT.
COL. JARED EKHOLM, (USAF);
CAPTAIN WILLIAM MCVEIGH,
(USAF); UNKNOWN NAMED USAF
OSI AGENT, JOHN DOES 1-50,
DEPARTMENT OF THE AIR FORCE,
AIR FORCE OFFICE OF SPECIAL
INVESTIGATIONS,

    *Defendants*.

## ORDER

Before the Court is Plaintiff Dr. Paul Roysdon's request for relief pursuant to Federal Rule of Civil Procedure 56(d). *ECF No. 126 at 32–46, 79–89; ECF No. 122 at 1558–1580; ECF No. 132; ECF No. 132-1*. The Court held a hearing ("the Hearing") on this matter August 21, 2025. *See* Min. Ent. Aug. 21, 2025. Upon consideration of the parties' arguments, as put forth in their briefings and at the Hearing, Plaintiff's request is **DENIED**.

## I. Federal Rule of Civil Procedure 56(d)

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). To win relief, the Rule 56(d) movant must make two showings. He first must show (A) that "additional discovery will create a genuine issue of material fact." *Bailey*, 35 F.4th at 401 (citing *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017) (quotation omitted)). Then he must show (B) that he "diligently pursued discovery." *Id*. (quotation omitted).

"More specifically, [first] the non-moving party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id*. (citing *Smith*, 827 F.3d at 423 (quoting *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013))). "The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." *Id*. (citing *Smith*, 827 F.3d at 423 (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990))). The Fifth Circuit "generally assesses whether the evidence requested would affect the outcome of a summary judgment motion" and has found an abuse of discretion "where it can identify a specific piece of evidence that would likely create a material fact issue." *Id*. (internal citations omitted).

Second, a Rule 56(d) movant must also demonstrate he has "diligently pursued discovery" to show his entitlement to relief under Rule 56(d). *Jacked Up*, 854 F.3d at 816 (quotation omitted). "In cases where [the Fifth Circuit has] found a lack of diligence, it was because the movant failed to conduct discovery during a period in which it was permitted to do

so.[1]

## II. Analysis

Upon review of the docket in this case the Court first notes that, after entry of the Scheduling Order, (*ECF No. 76*), the discovery period began May 8, 2024. The discovery period closed April 15, 2025, (*see ECF No. 89*), although the parties stipulated to a June 13, 2025, extension. *See ECF Nos. 130 at 34–35*.

### A. Plaintiff's Motion to Compel

Before the discovery period began, on April 28, 2023, Plaintiff filed his Motion to Compel. *ECF No. 30*. On May 22, 2023, U.S. Magistrate Judge Henry J. Bemporad denied the Motion via text order ("the Text Order") "without prejudice to reconsideration, if necessary, after the district Court rules on the pending motion to dismiss [*ECF No. 19*]." *See* May 22, 2023, Text Order.

Subsequently, on June 4, 2023, Plaintiff filed his Objection to Text Order of Magistrate Summarily Denying Plaintiff's Motion to Compel Access to the Classified Information in Plaintiff's Mind, (*ECF No. 34*), ("Plaintiff's Objection"). On June 6, 2023, Defendants filed a Response, (*ECF No. 35*).

To the extent Plaintiff made the argument at the Hearing, the Court does not construe Plaintiff's Objection to the Text Order as re-urging his Motion to Compel. The Text Order was not a substantive ruling on the Motion—and the Magistrate Judge clearly advised Plaintiff to refile the Motion to Compel after the District Court ruled on Defendants' Motion to Dismiss,

---

[1] *See*, *e.g.*, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1397 (5th Cir. 1994) (movant "undertook no discovery . . . for more than one year"); *Jacked Up*, 854 F.3d at 816 (movant "did not move to compel production of these documents during the discovery period"); *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) ("Beattie became aware that she needed to depose school board members . . . [and had] sixteen days before the end of discovery to seek an extension. Instead, she waited until after defendants had filed their motion for summary judgment.").

(*ECF No. 19*). *See* May 22, 2023, Text Order. As discussed thoroughly on the record at the Hearing, Plaintiff failed to do so. Instead, Plaintiff put forth his alleged discovery disputes for the first time in his Response, (*ECF No. 126*), to Defendants' Motion for Summary Judgment, (*ECF No. 113*).

This should not be understood as the Court requiring a motion to compel be filed prior to seeking relief under Rule 56(d). The Court considered Plaintiff's failure to seek relief through a motion to compel in its analysis of whether Plaintiff diligently pursued the discovery he sought as only one aspect of Plaintiff's inability to show he diligently pursed discovery.

B.   **The Hearing**

Other aspects include Plaintiff's several concessions at the Hearing, Plaintiff's failure to meaningfully address Local Rule 16(e), and Plaintiff's failure to identify a specific piece of evidence that would likely create a material fact issue. As the Fifth Circuit has stated, "a party suspends discovery at his own risk." *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595 (5th Cir. 2001). At the Hearing, Plaintiff's counsel conceded that prior to the time the discovery period closed he "should have sent Defendants a Rule 37 letter" and that discovery requests were not propounded for at least some of the requests now put forth in Plaintiff's Rule 56(d) Declarations. *See ECF No. 122 at 1558–1580; ECF No. 132-1*. When presented with Local Rule 16(e)[2] by Defendants, Plaintiffs provided no exceptional circumstance for the relief requested. Plaintiff

---

[2] Unopposed discovery may continue after the deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting. Absent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 14 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery. Written discovery is not timely unless the response to that discovery would be due before the discovery deadline. The responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline. Notices served before the discovery deadline that purport to schedule depositions after the discovery deadline will not be enforced. W.D. Tex. R. CV-16(e) (2023).

also provided no specific evidence that would likely create a material fact issue as to specific elements of his asserted causes of action.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for relief pursuant to Federal Rule of Civil Procedure 56(d) is **DENIED**.

It is so ORDERED.
SIGNED this 21st day of August, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE