UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DR. PAUL ROYSDON,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>  Defendants. | Civil Action No. 5:22-CV-00869-JKP-HJB |

### EXHIBIT NO. 1 – STIPULATED JOINT FACTS

1. During 2019–2020, Dr. Paul Franklin Roysdon was employed by the National Security Agency and held the clearances necessary to access the program in his capacity as a government employee.

2. In 2019, while working as an NSA data scientist, Plaintiff proposed several CyberAI ideas to the procurement office of the Air Force Life Cycle Management Center ("AFLCMC"), an Air Force component known only as HNCO.

3. On June 3, 2019, Plaintiff entered a consulting agreement with Global Infotek Inc. ("GITI") to work on a contract that GITI had with the Air Force. He would "[p]rovide computational and mathematical analysis for a classified project." Plaintiff also kept his job at NSA.

4. On or about August 19-20, 2020, Dr. Roysdon was told to discontinue subcontractor work on the program; he was permitted to continue supporting HNCO's program in his government-employee capacity.

5. Dr. Roysdon announced his intention to resign from NSA on or about August 21, 2020 and resigned from NSA effective September 21, 2020.

6. On August 26, 2020, Dr. Roysdon was read out of the program.

7. After resigning from the NSA, Plaintiff accepted a position at Leidos, a private firm.

8. HNCO's materiel leader believed that the discovery of Dr. Roysdon's dual government employee-contractor status justified an inquiry into HNCO security practices and appointed an inquiry official.

9. The purpose of the inquiry was to determine whether a compromise of classified information occurred and to categorize this security incident.

10. The inquiry official concluded that no compromise of classified information occurred.

11. No finding of a security violation or infraction was ever made against Dr. Roysdon by the Air Force.

12. No corrective actions were imposed on Dr. Roysdon. No notice of suspension or debarment was issued to Dr. Roysdon.

13. No record of suspension or debarment for Dr. Roysdon appears in SAM.gov.

14. An Air Force Debarring Official within the Air Force Office of the General Counsel is authorized to impose a debarment; program personnel do not have that authority.

15. The Air Force did not commence a formal suspension or debarment proceeding against Dr. Roysdon.

16. Dr. Roysdon attended several Air Force meetings, including two Project Management Review (PMR) meetings in 2019–2020 in connection with the program.

3

17. In the February 2020 PMR, Dr. Roysdon proffered "expert advice" and opined that another program was "something that shouldn't continue" because it was "over budget, not delivering, and using old technology[.]"

18. On August 13, 2020, Dr. Roysdon attended another PMR meeting with Burghard and Brown and again expressed his views that the project was outdated. Neither the Department of the Air Force nor any other federal agency issued a written communication barring Dr. Roysdon from seeking or performing future federal contract work.

19. The parties agree to the authenticity of the CORE program documents, scheduling emails, items produced in discovery with Bates stamps, and the read-out form identified on their exhibit lists, without conceding their legal effect.