UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DR. PAUL ROYSDON,

   *Plaintiff*,                                  Case No. 5:22-CV-00869-JKP

v.

UNITED STATES OF AMERICA, et al.,

   *Defendants.*

---

**JOINT PRETRIAL ORDER
EXHIBIT 5 – PLAINTIFF'S FINDINGS OF FACT AND CONCLUSIONS OF LAW**

---

Plaintiffs file their pretrial Proposed Findings of Fact and Conclusions of Law in accordance with the Local Rules and this Court's Amended Bench Trial Scheduling Order, ECF 99.

### PLAINTIFF'S PROPOSED FINDINGS OF FACT

**I.   DE FACTO DEBARMENT (EQUITABLE/DUE-PROCESS RELIEF)**

1. Plaintiff is a uniquely qualified, cleared offensive-cyber engineer who consistently produced high-value HNCO work and was relied upon by Government personnel prior to the events at issue.

2. In August–September 2020, the Government abruptly directed Plaintiff to stop work and administratively read him out from the HNCO program, ending his participation without any notice or explanation.

3. From that point forward, Plaintiff stood excluded from HNCO: he was treated as ineligible to return, and opportunities within HNCO were closed to him.

4. A senior HNCO official, Dan Brown, stated that Plaintiff could never return to HNCO and ordered that Plaintiff's name be removed from all HNCO-facing materials; those directives were implemented as categorical, program-wide exclusion.

5. After 2020, multiple Government and contractor personnel applied the "no return/no name" directives across proposals, deliverables, and staffing, ensuring Plaintiff's continuing exclusion from HNCO work regardless of vehicle or period of performance.

6. The Government never initiated formal suspension or debarment; there is no SAM entry; and Plaintiff was never given a statement of reasons, notice of charges, or an opportunity to respond.

7. The exclusion continues to block Plaintiff from being presented, proposed, credited, or considered for HNCO efforts, despite his ongoing eligibility to perform classified work.

## II.   II. PRIVACY ACT — WRONGFUL DISCLOSURE

8. The Air Force created and maintained investigative and access-control records about Plaintiff retrievable by his name or other personal identifiers.

9. Information from those records was disclosed to HNCO and/or contractor personnel outside the investigative chain for non-investigative, program-management purposes.

10. Plaintiff did not consent to those disclosures and received no contemporaneous notice or accounting of them.

11. The disclosures did not meet any Privacy Act exception applicable to the recipients or purposes at issue.

12. These disclosures caused concrete adverse effects, including foreclosed work, removal from deliverables, loss of anticipated income, and reputational harm within the HNCO community.

13. The sequence, recipients, and repeated use of these disclosures demonstrate at least intentional or willful conduct.

### III.   III. PRIVACY ACT — FAILURE TO MAINTAIN ACCURATE, RELEVANT, TIMELY, AND COMPLETE RECORDS (§ 552A(E)(5))

14. Agency records used to make determinations about Plaintiff contained material inaccuracies and/or misleading characterizations.

15. The Government relied on those records to remove Plaintiff from HNCO work and to continue excluding him from HNCO opportunities thereafter.

16. Plaintiff sought access to and correction of those records; the Government did not timely correct inaccuracies before continuing to rely on them.

17. The Government's failure to maintain accurate, relevant, timely, and complete records proximately caused adverse determinations affecting Plaintiff's employment opportunities, with intentional or willful conduct at least as to certain acts or omissions.

### IV.   IV. PROCEDURAL DUE PROCESS — LIBERTY INTEREST ("STIGMA-PLUS")

18. Government personnel communicated stigmatizing assertions about Plaintiff—including that he was under investigation and/or not eligible to return to HNCO—that impugned his integrity and fitness to perform.

19. Those assertions were shared with third parties and functioned to exclude Plaintiff from his professional niche in the HNCO market.

20. Despite Plaintiff's request to clear his name, the Government provided no notice of charges, no particulars to refute, and no name-clearing opportunity.

21. The stigma and exclusion produced concrete harms: lost work, diminished income, reputational injury, and continuing barriers to HNCO-related opportunities.

## PLAINTIFF'S PROPOSED CONCLUSIONS OF LAW (ELEMENTS + GOVERNING STANDARDS)

### I.   I. DE FACTO DEBARMENT (EQUITABLE/DUE-PROCESS RELIEF)

**Elements & Standards.** Debarment is an exclusion from Government contracting, ordinarily governed by FAR Subpart 9.4 (notice and an opportunity to respond). When the Government, without invoking those procedures, effectively bars a contractor from future work by statements that it will not accept the contractor or by conduct demonstrating the same, due-process protections attach. See 48 C.F.R. pt. 9, subpt. 9.4.

**Application.** Findings ¶¶ 1–7 establish that, as of the stop-work/read-out, Plaintiff stood excluded from HNCO; Brown's "no return/no name" directives are de-barring statements; and agency conduct enforced a broad, ongoing exclusion without FAR process.

**Conclusion.** Plaintiff was subjected to a de facto debarment without notice or opportunity to respond. Declaratory and injunctive relief are warranted under the APA/DJA, with fees available under EAJA for the equitable counts.

## II.     II. PRIVACY ACT — WRONGFUL DISCLOSURE

**Elements (Damages).** Plaintiff must show: (1) covered information (a "record" in a "system of records,"; (2) an agency disclosure without written consent and without a valid exception; (3) an adverse effect caused by the violation; and (4) intentional or willful conduct, with actual damages and fees available.

**Application.** Findings ¶¶ 8–13 establish Privacy-Act-covered records, non-consensual disclosures without a valid exception, adverse effects, and intentional/willful conduct.

**Conclusion.** Plaintiff prevails on wrongful disclosure and is entitled to actual damages, costs, and attorney's fees under § 552a(g)(4).

## III.     III. PRIVACY ACT — FAILURE TO MAINTAIN ACCURATE, RELEVANT, TIMELY, AND COMPLETE RECORDS

**Elements (Damages).** Plaintiff must show: (1) an adverse determination was made about him; (2) the agency failed to maintain records with the accuracy, relevance, timeliness, and completeness reasonably necessary to assure fairness; (3) the inaccurate records proximately caused the adverse determination; and (4) intentional or willful conduct, with actual damages and fees available.

**Application.** Findings ¶¶ 14–17 establish maintenance and reliance on inaccurate records, proximate causation of adverse determinations affecting Plaintiff's opportunities, and intentional/willful conduct.

**Conclusion.** Plaintiff prevails on § 552a(e)(5) and (g)(1)(C) and is entitled to correction and actual damages, costs, and attorney's fees under § 552a(g)(4).

## IV.     IV. PROCEDURAL DUE PROCESS — LIBERTY INTEREST ("STIGMA-PLUS")

**Elements & Standards.** Stigmatizing government assertions of fact that impugn an individual's integrity, coupled with a tangible alteration of legal status or the foreclosure of professional opportunities, without notice and an opportunity to be heard, violate procedural due process. A name-clearing opportunity is required when one's good name and ability to pursue a chosen profession are at stake.

**Application.** Findings ¶¶ 18–21 establish stigmatizing assertions, significant foreclosure of opportunities in the HNCO niche, and the absence of a name-clearing process.

**Conclusion.** Plaintiff's procedural due-process rights were violated; declaratory and injunctive relief are warranted.

## PROPOSED ORDERS

1. Declaratory Relief (De Facto Debarment). It is DECLARED that the Air Force, through statements and conduct, imposed a de facto debarment on Plaintiff from HNCO work without the notice and procedures required by law.

2. Injunction (Cessation and Non-Enforcement). The Air Force and its agents are ENJOINED from maintaining, communicating, or enforcing any directive, policy, or practice that excludes or disfavors Plaintiff from HNCO-related work, absent full compliance with applicable legal procedures (including, if pursued, FAR Subpart 9.4).

3. Name-Clearing/Debrief Process. If the Air Force contends that grounds exist to exclude Plaintiff going forward, it shall, within 30 days, provide written

6

notice of specific grounds and a prompt opportunity for a name-clearing/debarment-process hearing, with a written decision on the record.

4. Privacy Act — Wrongful Disclosure (Damages/Accounting).

a. Judgment ENTERS for Plaintiff on 5 U.S.C. § 552a(b)/(g)(1)(D), with actual damages in an amount to be determined, plus costs and reasonable attorney's fees under § 552a(g)(4).

b. Within 45 days, the Air Force shall produce a complete accounting of disclosures related to Plaintiff and certify completion to the Court.

5. Privacy Act — Accuracy/Amendment.

a. Judgment ENTERS for Plaintiff on 5 U.S.C. § 552a(e)(5) and (g)(1)(C), with actual damages, costs, and reasonable attorney's fees under § 552a(g)(4).

b. Within 45 days, the Air Force shall identify, correct, or amend inaccurate or misleading records concerning Plaintiff, provide written confirmation, and notify prior recipients of material corrections consistent with § 552a(c)(4).

c. The Air Force is ENJOINED from further use or dissemination of inaccurate or uncorrected material concerning Plaintiff.

6. Attorneys' Fees — Equitable Counts (Debarment/Employment Interference). As a prevailing party on the equitable counts brought under the Declaratory Judgment Act and APA, Plaintiff is entitled to fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(b), (d)(1)(A), subject to a post-judgment fee petition and the EAJA standards.

7.  Retention of Jurisdiction. The Court RETAINS jurisdiction to supervise compliance with injunctive provisions, the name-clearing process, record correction, and disclosure accounting, and to determine damages, costs, and fees.

8.  Further Relief. The Court grants such other and further relief as is just and proper to restore Plaintiff to equal footing in the relevant marketplace.

[signature block]