## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

DR. PAUL F. ROYSDON,

    *Plaintiff*,

    v.

UNITED STATES, *et al.*,

    *Defendants*.

No. 5:22-cv-00869-JKP-HJB

### DEFENDANTS' BILL OF COSTS

Under Fed. R. Civ. P. 54(d), Local Rule CV-54(a), and 28 U.S.C. § 1920, Defendants submit the attached proposed Bill of Costs on Form AO 133 with supporting invoices and declaration of counsel. The Court entered the final judgment, ECF No. 143, in favor of Defendants on August 28, 2025. Under Rule 54 of the Federal Rules of Civil Procedure, a prevailing party in a civil action is entitled to recover its costs unless otherwise directed by a court or statute. Fed. R. Civ. P. 54(d)(1). There is "a strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)).

As enumerated in the attached proposed Bill of Costs, Defendants seek costs for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2). "A prevailing party may recover the costs of taking, transcribing, and reproducing depositions that are necessarily obtained for use in the case." *Motion Games, LLC v. Nintendo Co., Ltd.*, No. 6:12-CV-00878, 2016 WL 9136171, at *5 (E.D. Tex. Oct. 24, 2016), *adopted by* 2017 WL 3615436 (E.D. Tex. Jan. 4, 2017); *Fogleman v. ARAMCO*, 920 F.2d 278,

285 (5th Cir. 1991). These costs include fees for any exhibits to the depositions. *See, e.g.*, *Neely v. PSEG Tex., LP*, No. MO-10-CV-030, 2012 WL 12877922, at *4 (W.D. Tex. Oct. 25, 2012). "A deposition or deposition copy need not be introduced into evidence at trial in order to be necessarily obtained for use in the case under § 1920; rather, the cost of a deposition or copy that is reasonably expected to be used for trial or trial preparation may be taxable." *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (citing *Fogleman*, 920 F.2d at 295–86). "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Fogleman*, 920 F.2d at 285; *see also Marmillion v. Am. Intern. Ins. Co.*, 381 Fed. App'x 421, 430 (5th Cir. 2010) (use of transcript in support of pretrial motions qualifies as "use in the case"); *United States v. Kolesar*, 313 F.2d 835, 840 (5th Cir.1963) ("Effective cross examination of witnesses frequently rests on availability of pretrial depositions either of that witness or other witnesses."); *Arnold v. Allied Van Lines, Inc.*, 737 F. Supp. 3d 467, 474 (W.D. Tex. 2014) (deposition transcripts ordered in anticipation of preparing motion for summary judgment or for trial are taxable).

Here, Defendants seek costs for the depositions of Plaintiff and the witnesses deposed in this case. Several transcripts were used in pretrial motions including Defendants' motion for summary judgment and to exclude Plaintiff's expert testimony. And all the witnesses deposed were listed in the parties' Joint Pretrial Order, ECF No. 141, and were expected to testify live at trial, through de bene esse deposition, or their deposition transcripts were going to be used at trial in lieu of live testimony. At the time the Court entered final judgment, trial was scheduled to begin September 8, 2025, and several pretrial tasks were completed, and extensive preparations were underway. Defendants also seek costs associated with the transcript of the Court's *Daubert*

hearing, which the Court encouraged the parties to obtain. *See Daubert* Hearing Transcript, August 6, 2025, ECF No. 128 at 49:6–8 (Judge Bemporad stating, "It's the oral ruling that controls. Happy for the parties to get a transcript of it. This is going to be the determining factor.").

As demonstrated in the table below, each of these items was necessary in moving for summary judgment and preparing for trial.

| Ex. No. | Transcript | Use | Costs |
|---|---|---|---|
| 1 | Plaintiff Dr.  Roysdon (Fact) | Relied on at summary judgment, *see* ECF No. 113-2, and for preparing for cross-examination at trial.  *See* Joint Pretrial Order at 8, ECF No. 141. | $1,722.00 (transcript) $70.00 (exhibits) |
| 2 | Plaintiff Dr. Roysdon (Expert) | Relied on in preparing *Daubert* motion to exclude Plaintiff's expert testimony, ECF No. 103 and 109, and for August 6, 2025 pretrial motion hearing; relied on at summary judgment, ECF No. 113-27, and for preparing for cross-examination at trial. | $897.90 (transcript) |
| 3 | Dan Brown Deposition | Written transcript relied on at summary judgment, *see* ECF No. 113-4, and written and video transcript used for preparing for cross-examination at trial.  *See* Joint Pretrial Order at 8, ECF No. 141. | $643.13 (video) $997.70 (transcript) |
| 4 | Todd Jaspers Deposition | Relied on at summary judgment, *see* ECF No. 113-25, and for preparing for cross-examination at trial.  *See* Joint Pretrial Order at 8, ECF No. 141. | $562.80 (transcript) $75.00 (processing) |
| 5 | Thomas Parisi Deposition | Relied on at summary judgment, *see* ECF No. 113-20, and for preparing for cross- | $470.40 (transcript) $75.00 (processing) |

| | | | |
|---|---|---|---|
| | | examination at trial. *See* Joint Pretrial Order at 8, ECF No. 141. | |
| 6 | Richard Bremer Fact Deposition | Relied on for preparing for direct examination at trial. *See* Joint Pretrial Order at 10, ECF No. 141. Mr. Bremer served as both a fact witness and corporate designee because he performed the security inquiry into Plaintiff's access, and also was a contracting officer capable of testifying as a designee about debarment. | $378.00 (transcript) $75.00 (processing) |
| 7 | Richard Bremer 30(b)(6) | Relied on at summary judgment, *see* ECF No. 113-26, and for preparing for direct examination at trial. *See* Joint Pretrial Order at 10, ECF No. 141. Mr. Bremer served as both a fact witness and corporate designee because he performed the security inquiry into Plaintiff's access, and also was a contracting officer capable of testifying as a designee about debarment. | $264.60 (transcript) $75.00 (processing) |
| | William Rowe 30(b)(6) | Relied on at summary judgment, *see* ECF No. 113-13, and for preparing for direct examination at trial. *See* Joint Pretrial Order at 10, ECF No. 141. | $142.80 (transcript) |
| 8 | J. Daniel Burghard 30(b)(6) | Relied on at summary judgment, *see* P-Ex. 15, ECF No. 122 at 1234, and for preparing for direct examination at trial. *See* Joint Pretrial Order at 9, ECF No. 141. Mr. Burghard served as both a fact witness and corporate designee because he was integral to the alleged events and also capable of testifying as a designee about the classification of the special | $205.80 (transcript) $0.55 (exhibits) $75.00 (processing) |

|   |   | access program Plaintiff worked on. |   |
|---|---|---|---|
|   | Michael Crunk 30(b)(6) | Relied on at summary judgment, *see* ECF No. 113-23, and for preparing for direct examination at trial. *See* Joint Pretrial Order at 10, ECF No. 141. | $147.00 (transcript) |
|   | Alexandra McDonald 30(b)(6) | Relied on at summary judgment, *see* Reply, ECF No. 130 at 19, 37, 40 (citing P-Ex. 15, ECF No. 122 at 1441), referenced in the Court's August 21, 2025 hearing, and used for preparing for cross-examination at trial. *See* Joint Pretrial Order at 9, ECF No. 141. | $155.40 (transcript) $1.10 (exhibits) |
| 9 | Col. Jared Ekholm 30(b)(6) | Relied on at summary judgment, *see* ECF No. 113-3, and for preparing for direct examination at trial. *See* Joint Pretrial Order at 10, ECF No. 141. | $306.60 (transcript) $75.00 (processing) |
| 10 | J. Daniel Burghard Fact | Relied on at summary judgment, *see* ECF No. 113-5, and for preparing for direct examination at trial. *See* Joint Pretrial Order at 9, ECF No. 141. | $655.20 (transcript) $17.05 (exhibits) $75.00 (processing) |
| 11 | August 6, 2025 *Daubert* Motion Hearing with Oral Ruling | The Court granted Defendants' Motion to Exclude Plaintiff's testimony in-part and noted that the oral ruling would control at trial. Used for preparing for trial and cross-examination. | $255.00 (transcript) |
|   | **Total** |   | **$8,418.03** |

Defendants' proposed Bill of Costs already excludes amounts that are not recoverable under the statute. Undersigned counsel conferred with the Billing Departments at Capitol Reporting Company and AB Litigation Services for more information about fees included with

transcript orders.  As a result, Defendants have excluded all fees for litigation packages and

virtual/videoconferencing fees billed for convenience of counsel.  The processing fee requested

for Invoice Exhibits 4–10 was charged by AB Litigation Services on the order of all copies of

deposition transcripts, with the exception that on days where multiple Rule 30(b)(6) designees

testified, only one process fee was issued for that day.  This processing fee is recoverable as a

"necessary component of the cost of obtaining [the] deposition transcript[s]."  *See Cadle Co. v.*

*Keyser*, No. 5:15-cv-00219, 2016 WL 5947417, at *4 (W.D. Tex. June 29, 2016).  Without

payment of this processing fee, Defendants would not have been able to receive copies of any

transcripts from AB Litigation Services.

Defendants also seek the costs from both the written transcript and video transcript of

Dan Brown's deposition.  Most of Plaintiff's allegations rested on alleged conversations

involving Brown, making him a key witness in this case. *See, e.g.*, Second Am. Compl. ¶¶ 78,

84–91, 113, 116, 128–153, ECF No.65; Mem. Op. at 11–13, 20, 22–24, 26, ECF No. 142.  At his

in-person deposition, Brown's demeanor warranted ordering the video transcript because he

made several gestures—like throwing the complaint on the table and shaking his head at several

questions and propositions from counsel about what he purportedly said—and raised his voice

several times in his answers.  These actions are incapable of capture in a written transcript and

would have a bearing on Brown's credibility at trial.  *See Baisden v. I'm Ready Prod., Inc.*, 703

F. Supp. 2d 970, 977 (S.D. Tex. 2011) ("[I]t cannot be said that a videotape of a deposition is

wholly duplicative of a transcript of the same deposition because . . . the videotape captures both

verbal and nonverbal communication.") (citation omitted) (awarding costs for both video and

written transcripts for "witnesses whose credibility was sharply disputed").  *See also* Pl. Dep.,

ECF No. 510–511 (challenging Brown's credibility); Jaspers Dep., ECF No. 122 at 913–915

(testifying about Brown's credibility).  Defendants used the video to prepare for trial and expected to use the video in their cross-examination of Brown at trial because during his deposition, in which he was represented by private counsel, he made statements central to Defendants' case theory.  *See Garza v. Energy Transfer Partners, LLC*, No. 3:23-cv-27-D, 2025 WL 663109, at *3 (N.D. Tex. Jan. 30, 2025) (awarding costs for both video and written transcript where video not used at summary judgment but defendant reasonably expected to use for purposes of impeachment at trial and for trial preparation).

Dated: September 11, 2025                    Respectfully Submitted,

                                             BRETT A. SHUMATE
                                             Assistant Attorney General
                                             Civil Division

                                             C. SALVATORE D'ALESSIO, JR.
                                             Director, Torts Branch

                                             REGINALD M. SKINNER
                                             Senior Trial Attorney

                                             Joseph A. Gonzalez
                                             D.C. Bar No. 995057
                                             Trial Attorney
                                             Torts Branch, Civil Division
                                             United States Department of Justice
                                             P.O. Box 7146, Ben Franklin Station
                                             Washington, D.C. 20044
                                             (202) 598-3888
                                             joseph.a.gonzalez@usdoj.gov

                                             */s/ Katrina M. Seeman*
                                             KATRINA M. SEEMAN
                                             D.C. Bar No. 1671729
                                             Trial Attorney
                                             Torts Branch, Civil Division
                                             United States Department of Justice
                                             P.O. Box 7146, Ben Franklin Station
                                             Washington, D.C. 20044
                                             (202) 616-0674

katrina.m.seeman@usdoj.gov

-and-

JUSTIN R. SIMMONS
United States Attorney

ROBERT D. GREEN
Texas Bar No. 24087626
Assistant United States Attorney
U.S. Attorney's Office
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7362 (phone)
(210) 384-7312 (fax)
robert.green3@usdoj.gov
*Counsel for Defendants*