UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DR. PAUL ROYSDON,**

   *Plaintiff*,

v.   Case No. 5:22-CV-00869-JKP

**UNITED STATES OF AMERICA, FRANK KENDALLIII, LT. GEN. KEVIN KENNEDY, (USAF); LT. GEN. SHAUN Q. MORRIS, (USAF); JOSEPH DANIEL BURGHARD, (USAF); ALLEN C. RABAYDA, (USAF); LT. COL. JARED EKHOLM, (USAF); CAPTAIN WILLIAM MCVEIGH, (USAF); UNKNOWN NAMED USAF OSI AGENT, JOHN DOES 1-50, DEPARTMENT OF THE AIR FORCE, AIR FORCE OFFICE OF SPECIAL INVESTIGATIONS,**

   *Defendants*.

## **ORDER**

Before the Court is Defendants' Bill of Costs, (*ECF No. 144*), and Supplement, (*ECF No. 145*). The Court construes Defendants' Bill of Costs, (*ECF No. 144*), as a Motion for Entry of Defendants' Bill of Costs. *See ECF Nos. 144, 145*. Plaintiff filed no response or objection to these costs. Accordingly, for the reasons stated below, the Motion is hereby granted.

Under Federal Rule of Civil Procedure 54(d)(1), costs—other than attorney's fees—should generally be awarded to the prevailing party. Fed. R. Civ. P. 54(d)(1). Title 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d)(1). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Under Section 1920, a district court may award the following "costs":

    (1)    Fees of the clerk and marshal;

    (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3)    Fees and disbursements for printing and witnesses;

    (4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5)    Docket fees under section 1923 of Title 28; and

    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of Title 28.

28 U.S.C. § 1920. While a district court may decline to award costs listed in the statute, it may not award costs omitted from the statute. *Core Wireless Licensing S.a.r.l. v. LG Elecs., Inc.*, No. 2:14-CV-00912, 2020 WL 1557492, at *2 (E.D. Tex. Apr. 1, 2020) (citing *Crawford Fitting Co.*, 482 U.S. at 441–43). In any event, "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)).

Here, Defendants request fees for recorded transcripts necessarily obtained for use in the case, including exhibit fees and processing fees, in the amount of $8,418.03. *See ECF No. 144*. The Court finds these are permissible costs.[1] Plaintiff filed no response or objection these costs.

For the reasons stated above, Defendants' Bill of Costs, (*ECF No. 144*), construed as a Motion for Entry of Defendants' Bill of Costs, is **GRANTED**. Accordingly, it is **ORDERED** that Defendants shall recover $8,418.03 in unobjected to costs from Plaintiff.

---

[1] *Marmillion v. Am. Intern. Ins. Co.*, 381 Fed. App'x 421, 430 (5th Cir. 2010) (use of transcript in support of pretrial motions qualifies as "use in the case"); *Baisden v. I'm Ready Productions, Inc.*, 793 F. Supp. 2d 970, 977 (S.D. Tex. 2011) (use of written transcripts and video transcripts found not duplicative ); *Neely v. PSEG Texas, LP*, No. 7:10-CV-00030, 2012 WL 12877922, at *4 (W.D. Tex. Oct. 25, 2012) (awarding costs for deposition exhibits); *Cadle Co. v. Keyser*, No. 5:15-CV-00217, 2016 WL 5947417, at *4 (W.D. Tex. June 29, 2016) (awarding processing fees).

It is so ORDERED.
SIGNED this 7th day of November, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

It is so ORDERED.
SIGNED this 7th day of November, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE